IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
LANRIC HYLAND,                      )    CIVIL 15-00504 LEK-RLP
                                    )
            Plaintiff,              )
                                    )
      vs.                           )
                                    )
OFFICE OF HOUSING & COMMUNITY       )
DEVELOPMENT, ET AL.,                )
                                    )
            Defendants.             )
_____)
```

**ORDER DENYING PLAINTIFF'S MOTION TO
REMAND TO HAWAI`I 3RD CIRCUIT COURT**

Before the Court is pro se Plaintiff Lanric Hyland's ("Plaintiff") Motion to Remand to Hawai`i 3rd Circuit Court ("Motion to Remand"), filed on February 1, 2016. [Dkt. no. 37.] Defendants Office of Housing & Community Development and the County of Hawaii ("the County Defendants") filed their memorandum in opposition on February 26, 2016. [Dkt. no. 41.] On February 29, 2016, Defendant Ainakea Senior Residences LLLP ("Ainakea") and Defendant Hawaii Affordable Properties, Inc. ("HAPI") each filed a joinder in the memorandum in opposition. [Dkt. nos. 42, 43.] Plaintiff filed his reply on March 7, 2016. [Dkt. no. 45.]

The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). The hearing on the Motion to Remand,

currently scheduled for March 21, 2016, at 9:45 a.m., is therefore VACATED.  After careful consideration of the motion, supporting and opposing memoranda, and the relevant legal authority, Plaintiff's Motion to Remand is HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

On August 11, 2015, Plaintiff filed his "Verified Complaint of Lanric Hyland; Complaint for Complaint for [sic] Declaratory & Injunctive Relief; Appeal from Declaratory Petition" ("Complaint") in the Circuit Court of the Third Circuit, State of Hawai`i ("Third Circuit Court").[1]  [Notice of Removal, filed 12/9/15 (dkt. no. 1), Decl. of Melody Parker, Exh. A.]  The County Defendants removed the case to this district court based on federal question jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1441.  [Notice of Removal at ¶ 4.]  According to the County Defendants, at the time of removal, HAPI and Ainakea had not been properly served.  [Id. at ¶ 9.]

In the Motion to Remand, Plaintiff first argues that removal was improper because the County Defendants, Ainakea, and

---

[1] On December 14, 2015, the County Defendants filed a motion to dismiss the Compliant ("Motion to Dismiss"), and, on December 18, 2015, HAPI filed a joinder in the Motion to Dismiss ("Dismissal Joinder").  [Dkt. nos. 4, 9.]  On February 18, 2016, this Court issued an entering order reserving ruling on the Motion to Dismiss and the Dismissal Joinder until it ruled on the Motion to Remand.  [Dkt. no. 40.]  This Court will issue a separate order ruling on the Motion to Dismiss and the Dismissal Joinder.

2

HAPI (collectively "Defendants") were all served on December 5, 2015, and the County Defendants failed to obtain Ainakea's and HAPI's consent to the removal. Plaintiff also argues that he filed a First Amended Complaint in the Third Circuit Court on January 5, 2016, and it does not assert claims based on the United States Constitution. He therefore asserts that this Court no longer has federal question jurisdiction over the case. Finally, he argues that this Court should remand the case because he cannot afford to make appearances in Honolulu, and he cannot participate in court proceedings by telephone because of a hearing disability that he incurred during his military service.

### **STANDARD**

The County Defendants removed this case pursuant to § 1441(a), which states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1447(c) states, in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . .

This district court has stated:

> "Removal and subject matter jurisdiction statutes are 'strictly construed,' and a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'" Hawaii ex rel. Louie v. HSBC Bank Nev., N.A., 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008)). Thus, "'[i]t is to be presumed that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006)) (alterations in original). This "'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." Id. (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).

U.S. Bank, Nat'l Ass'n v. Mizukami, CIVIL NO. 15-00523 JMS-BMK, 2016 WL 632195, at *2 (D. Hawai`i Feb. 17, 2016) (alterations in U.S. Bank).

However, a plaintiff waives his objection to non-jurisdictional removal defects if he fails to file a timely motion to remand. Vasquez v. N. Cty. Transit Dist., 292 F.3d 1049, 1062 (9th Cir. 2002).

## DISCUSSION

### I.  Unanimity Defect

Plaintiff first argues that this Court should remand the case because Ainakea and HAPI did not consent to the removal. 28 U.S.C. § 1446(b)(2)(A) requires that, "[w]hen a civil action

is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."  However, the failure to obtain all defendants' joinder or consent is a procedural defect that can be cured prior to the entry of judgment.  See Destfino v. Reiswig, 630 F.3d 952, 956-57 (9th Cir. 2011) ("If this is not true when the notice of removal is filed, the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment." (citing Soliman v. Philip Morris Inc., 311 F.3d 966, 970 (9th Cir. 2002) ("[A] procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court." (alteration in original and internal quotation marks omitted)))).

Ainakea's joinder in the County Defendants' memorandum in opposition to the Motion to Remand is also a joinder in the Notice of Removal.  Further, in its joinder to the memorandum in opposition, HAPI confirmed that it consented to the removal.  Thus, even assuming, *arguendo*, that the removal was defective because the County Defendants failed to obtain either the joinder or consent of both Ainakea and HAPI, Defendants have cured that defect.  To the extent that the Motion for Remand asks this Court

to remand the instant case based on the alleged unanimity defect, the Motion for Remand is DENIED.[2]

## II. Removal of Federal Claims

Plaintiff next argues that federal question jurisdiction no longer exists because, on January 5, 2016, he filed a First Amended Complaint, which nullifies the Complaint and does not contain any references to the United States Constitution. It is true that, as a general rule, "when a plaintiff files an amended complaint, the amended complaint supercedes the original, the latter being treated thereafter as non-existent." Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010) (brackets, internal quotation marks, and citation omitted). Plaintiff, however, filed the First Amended Complaint in the Third Circuit Court. He submitted a copy of the First Amended Complaint to this district court, but he verbally informed the Clerk's Office that he was merely notifying the district court that he had filed an amended complaint in the Third Circuit Court. [Dkt. no. 28.] Thus, the First Amended Complaint has not been **filed** in this case, and Plaintiff's original Complaint remains the operative pleading before this Court.

---

[2] In light of this Court's ruling, it does not need to address the issues of whether: 1) whether either Ainakea or HAPI had been properly served at the time of removal; or 2) if Ainakea and/or HAPI had been properly served, whether the County Defendants knew or should have known about such service.

To the extent that the Motion for Remand asks this Court to remand the instant case because the purported First Amended Complaint does not contain a federal question, the Motion for Remand is DENIED.

**III. Inability to Litigate Case in this District Court**

Finally, Plaintiff argues that this Court should remand the case because Plaintiff cannot afford to appear at court proceedings in Honolulu, and his service-connected hearing loss prevents him from effectively participating by telephone. This Court recognizes that it will be more difficult for Plaintiff to litigate this case in this district than it would be for him to litigate this case in the Third Circuit Court. However, there is no legal authority that would allow this Court to remand this case on that basis alone. See, e.g., Doran v. City of Clearwater, 814 F. Supp. 1077, 1078 (M.D. Fla. 1993) ("Plaintiffs argue that this Court should decide this matter using the doctrine of forum non conveniens. The application of the doctrine of forum non conveniens . . . to remand to State court would be improper.").[3]

---

[3] This district court has noted that, under the doctrine of forum non conveniens, it "'has discretion to decline to exercise jurisdiction in a case where litigation in a foreign forum would be more convenient for the parties.'" Hawaii Island Air, Inc. v. Merlot Aero Ltd., Civ. No. 14-00466 BMK, 2015 WL 675512, at *12 (D. Hawai`i Jan. 30, 2015) (quoting Lueck v. Sundstrand Corp., 236 F.3d 1137, 1142 (9th Cir. 2001)).

To the extent that the Motion for Remand asks this Court to remand the instant case because of Plaintiff's alleged inability to litigate in this district court, the Motion for Remand is DENIED.  This Court, however, assures Plaintiff that the judges and staff of this district court will make all possible accommodations to ensure that his disability does not prevent him from participating in court proceedings for this case.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Motion to Remand to Hawai`i 3rd Circuit Court, filed on February 1, 2016, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 8, 2016.



    /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**LANRIC HYLAND VS. OFFICE OF HOUSING & COMMUNITY DEVELOPMENT, ET AL; CIVIL 15-00504 LEK-RLP; ORDER DENYING PLAINTIFF'S MOTION TO REMAND TO HAWAI`I 3RD CIRCUIT COURT**