IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

LANRIC HYLAND,                    )      CIVIL 15-00504 LEK-RLP
                                  )
          Plaintiff,              )
                                  )
     vs.                          )
                                  )
OFFICE OF HOUSING & COMMUNITY     )
DEVELOPMENT, ET AL.,              )
                                  )
          Defendants.             )
_____ )

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS OFFICE OF
HOUSING & COMMUNITY DEVELOPMENT, COUNTY OF HAWAII'S MOTION TO
DISMISS; AND GRANTING IN PART AND DENYING IN PART DEFENDANT
HAWAII AFFORDABLE PROPERTIES, INC.'S SUBSTANTIVE JOINDER**

          Before the Court are: Defendants Office of Housing &

Community Development and the County of Hawaii's ("the County

Defendants") Motion to Dismiss ("Motion"), filed on December 14,

2015; and Defendant Hawaii Affordable Properties, Inc.'s ("HAPI")

substantive joinder in the Motion ("Joinder"), filed on

December 18, 2015.  [Dkt. nos. 4, 9.]  Pro se Plaintiff

Lanric Hyland filed his memorandum in opposition to the Motion on

December 29, 2015, and his memorandum in opposition to the

Joinder on December 30, 2015.  [Dkt. nos. 21, 22.]  On

January 11, 2016, Defendant Ainakea Senior Residences LLLP

("Ainakea") filed a statement of no opposition to the Motion.

[Dkt. no. 27.]  The County Defendants filed their reply on

January 14, 2016, and HAPI filed its reply on January 16, 2016.

[Dkt. nos. 29, 30.]

On January 27, 2016, this Court issued an entering order finding these matters suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). [Dkt. no. 33.] After careful consideration of the Motion, Joinder, supporting and opposing memoranda, and the relevant legal authority, the County Defendants' Motion and HAPI's Joinder are HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

## BACKGROUND

On August 11, 2015, Plaintiff filed his "Verified Complaint of Lanric Hyland; Complaint for Complaint for [sic] Declaratory & Injunctive Relief; Appeal from Declaratory Petition" ("Complaint") in the Circuit Court of the Third Circuit, State of Hawai`i. [Notice of Removal, filed 12/9/15 (dkt. no. 1), Decl. of Melody Parker, Exh. A.] The County Defendants removed the case to this district court based on federal question jurisdiction.[1] [Notice of Removal at ¶ 4.]

According to the Complaint, Plaintiff is a seventy-six year-old retiree who lives in the County of Hawai`i. [Complaint at 7, § IV.] He "liv[es] in housing funded by Low Income Housing Tax Credits [("LIHTC")] and Section 8 subsidies." [Id.] The

---

[1] On February 1, 2016, Plaintiff filed a motion to remand the case, but this Court issued an order denying the motion on March 8, 2016. [Dkt. nos. 37, 46.]

2

housing project that Plaintiff lives in is called Ainakea Senior Residences ("ASR"). [Id. at 3, § II.] Ainakea is the owner/landlord of ASR, and HAPI is the property manager. The County Defendants administer federal housing funds pursuant to federal statutes, rules, and regulations.[2] [Id. at 7, § IV.] ASR is located next to another senior living facility, Ainakea Elderly Project ("AEP"). AEP is owned by Kohala Union Housing Corp. and managed by Bob Tanaka, Inc. AEP is federally subsidized through Section 202 of the Housing Act of 1959, 12 U.S.C. § 1701q, *et seq.*, and Section 8 of the Housing Act of 1937. [Id. at 8, § V.B.]

Plaintiff apparently challenges the increase in the contract rent between the County Defendants and Ainakea for the 2015-2016 lease year. Plaintiff states that contract rents for federally subsidized housing are calculated each year based on the United States Department of Housing and Urban Development's ("HUD") determination of the fair market rent ("FMR") for apartments of similar size and location. The County Defendants enter into a Housing Assistance Payment ("HAP") contract with the landlord/owner for each housing project. Pursuant to the HAP contract, the tenant pays approximately thirty percent of his monthly income as rent, and the County Defendants pay the

---

[2] This Court will refer to the County Defendants, Ainakea, and HAPI collectively as "Defendants."

landlord/owner the difference between the tenant's portion of the rent and the contract rent.  Plaintiff states that, for the 2014-2015 lease year, the contract rent for his unit was $800, and his portion of the rent was $197.  For the 2015-2016 lease year, the contract rent is $981, and his portion of the rent is $202. Plaintiff argues that the current contract rent is exorbitant, and he challenges the increase in his portion of the rent and the increase in ASR tenants' security deposit from $800 to $981. [Id. at 12, § V.F.]  However, he acknowledges that tenants who were living at ASR in October 2014 are not subject to the increased security deposits; their deposits are "frozen at $800." [Id. at 12 n.5.]

Plaintiff argues that the HAP contract provides that each lease between the facility's landlord/owner and a family receiving federal housing assistance must comply with HUD requirements.  24 C.F.R. § 983.301 governs the initial determination of subsidized housing rent, as well as the redetermination of rent; and 24 C.F.R. § 983.303 governs the determination of the amount of a "reasonable rent."[3]  Plaintiff

---

[3] Section 983.301(b) states, in pertinent part:

the rent to owner must not exceed the lowest of:

(1)  An amount determined by the [local public housing authority ("PHA")], not to exceed 110 percent of the applicable fair market rent (or any exception payment

(continued...)

4

points out that the County Defendants would not disclose to him
the rent for the comparable unassisted units that they used to
support the increase.  [Id. 12-13, § V.G.]  He argues that, for
the past three fiscal years, Ainakea has requested – and the
County Defendants have approved – a contract rent for ASR units
that is the same as the amount determined according to
§ 983.301(b)(1).  Plaintiff contends that the County Defendants
have failed to determine whether a "reasonable rent" would be
lower than the amount that Ainakea requested.  He argues that
this is an abuse of discretion and, if the County Defendants had
determined the "reasonable rent," that amount would likely have
been lower and that amount would have become the contract rent.
[Id. at 14, § V.H.]  Plaintiff apparently contends that the
County Defendants improperly inflated the contract rent by
calculating it based on rents for "Kailua-Kona 'gated community'
apartments" that have "pools and views" that were not indicative
of "a reasonable rent for a North Kohala apartment" like the
units in ASR.  [Id. at 16, § V.H.]

---

[3](...continued)
          standard approved by the Secretary) for the
          unit bedroom size minus any utility
          allowance;

          (2)  The reasonable rent; or

          (3)  The rent requested by the owner.

Plaintiff also challenges HAPI's eviction of ASR tenant Margaret "Peggy" Wilhelm in 2012.  According to the Complaint, During her second lease term, Ms. Wilhelm received a Rules Violation Notice dated November 7, 2011.  On November 5, 2011 at 7:05 a.m., Ms. Wilhelm allegedly pounded on another tenant's wall and yelled offensive language at her.  On March 9, 2012, Ms. Wilhelm was informed that HAPI was terminating her lease.  On April 24, 2012, the County Defendants – without conducting any investigation of their own – informed Ms. Wilhelm that her lease and contract would be terminated effective May 31, 2012.  [Id. at 16, § V.I.]  The reason provided for the termination was: "'Material non-compliance' (e.g. one or more substantial violations of the lease/rental agreement, non-payment or repeated late payments, etc.) with the terms of your rental/lease agreement."  [Id., App'x D-1.]  Plaintiff argues that Ms. Wilhelm was never given the opportunity to respond to the allegation that she violated the rule prohibiting noise before 8:00 a.m., and he argues that the other tenant was not cited for her violation of the same rule – she was making noise while grinding coffee beans. Plaintiff argues that HAPI should not be allowed to act as "judge, jury and executioner" and, even accepting HAPI's version of events, it was fundamentally unfair to evict Ms. Wilhelm "for such non-threatening, inoffensive behavior."  [Complaint at 17, § V.I.]  Plaintiff asserts that the County Defendants are not

exercising sufficient supervisory control over HAPI, as evidenced by the fact that there were four other seniors, in addition to Ms. Wilhelm, that were "driven out" of ASR by HAPI over a one-year period. [Id.] Plaintiff also argues that 24 C.F.R. § 983.257 governs termination of tenancy and eviction from federally subsidized housing, and Defendants "routinely ignore" the applicable provisions when terminating tenancy, such as in Ms. Wilhelm's case. [Id. at 17, § V.J.] He argues that Jane Tabra and Eliza Roze also had their leases wrongfully terminated, and "Sydney L" and "Barbara" were constructively evicted. [Id. at 17-18, § V.J.]

In addition, Plaintiff argues that Defendants have wrongfully denied him the following rights: "to legally form and participate in a tenants organization"; "to participate in the redetermination of rent"; "to due process in rule-making through public participation"; and "to due process in decisions to terminate tenancy." [Id. at 18, § VI.]

Plaintiff asserts the following claims: a violation of his right to due process under the United States Constitution and the Hawai`i State Constitution because of the increase in the contract rent, security deposit, and his portion of the rent, and because his lease could be terminated for a rule violation without due process ("Count I"); a violation of his right to equal protection under the United States Constitution and the

Hawai`i State Constitution because he and other tenants at ASR are treated differently than the tenants at AEP ("Count II").  He prays for: various forms of declaratory relief; various forms of temporary and/or preliminary injunctions; and any other appropriate relief.  In addition to his own claims, Plaintiff seeks to bring similar claims on behalf of other current and former ASR tenants ("Representative Claims").

In the instant Motion, the County Defendants ask this Court to dismiss all counts against them because Plaintiff fails to state a claim upon which relief can be granted.  As to Plaintiff's claims based upon lease terminations, the County Defendants argue that Plaintiff has not suffered any injury, and he lacks standing to bring the Representative Claims based on the eviction of other tenants.  Even if Plaintiff could bring a claim based on Ms. Wilhelm's eviction, it is barred by the statute of limitations, and the claim would fail on the merits because Defendants complied with all applicable laws when they evicted her.  As to Plaintiff's claims based on the five-dollar increase in his portion of the rent, the County Defendants argue that: he does not have standing to challenge the determination of the contract rent because his portion of the rent is determined based on his income; and he was provided with due process before his portion of the rent was increased by five dollars.  The County Defendants also argue that Plaintiff's equal protection claim

8

fails because he has not alleged how the County Defendants treat the AEP tenants better than they treat the ASR tenants, and, even if they are treated differently, Plaintiff does not allege how the difference is discriminatory.  The County Defendants urge this Court to dismiss all claims against them with prejudice.

In the Joinder, HAPI argues that all of Plaintiff's claims regarding the increase in his portion of the rent must be dismissed as to HAPI because the Complaint acknowledges that HAPI has no role in the determination of rents.  HAPI makes the same arguments that the County Defendants make regarding Plaintiff's claims based on lease terminations.  HAPI also urges this Court to dismiss all claims against it with prejudice.

## DISCUSSION

### I.   Claims Regarding Other Tenants

At the outset, this Court notes that Plaintiff is attempting to bring claims based on the alleged injuries – rent increases, security deposit increases, and wrongful lease terminations – of other ASR tenants.  However, Plaintiff is proceeding pro se, and he is not an attorney licensed to practice in this district.

In ruling that a non-lawyer proceeding pro se could not represent the entity he identified as his tribe, this district court stated:

> In all courts of the United States, "parties may plead and conduct their own cases personally

9

or by counsel." <u>See</u> 28 U.S.C. § 1654.  However, the right to proceed pro se in civil cases is a personal right.  <u>See</u> <u>C.E. Pope Equity Trust v. United States</u>, 818 F.2d 696, 697 (9th Cir. 1987) ("Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him. . . .  He has no authority to appear as an attorney for others than himself." (citation omitted)).  Maui Loa, as a pro se plaintiff, cannot represent the Hou in this action.  <u>See</u> <u>Simon v. Hartford Life, Inc.</u>, 546 F.3d 661, 664-64 (9th Cir. 2008) (applying the "general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity").  This court considers only claims relating to injuries personal to Maui Loa.

<u>Hou 1778 Hawaiians v. United States Dep't of Justice</u>, CIVIL NO. 15-00320 SOM/BMK, 2016 WL 335851, at *3 (D. Hawai`i Jan. 27, 2016) (alteration in <u>Hou 1778 Hawaiians</u>).

    For the same reasons, this Court CONCLUDES that it must GRANT the Motion as to the Representative Claims because this Court cannot grant Plaintiff the relief that he seeks in those claims.  <u>See</u> Fed. R. Civ. P. 12(b)(6) (stating that the defense of "failure to state a claim upon which relief can be granted" can be asserted by motion).  All of the Representative Claims – including the claims against Ainakea, which has not moved for dismissal – are DISMISSED.[4]  This Court will only consider the

---

[4] Because Plaintiff cannot pursue the Representative Claims, this Court does not need to address the issues of whether the Representative Claims based on the termination of Ms. Wilhelm's lease are barred by the statutes of limitations or whether Defendants complied with the applicable laws when they terminated Ms. Wilhelm's lease.

merits of the claims that Plaintiff asserts based upon his own alleged injuries.

## II.  Claims Related to Rent Increases

### A.  HAPI

The Complaint alleges that, pursuant to the HAP contract between the County Defendants and Ainakea, "the difference between the HAP and the contract rent is the rent paid by the resident tenant.  The tenant portion varies with each individual but it works out that tenants generally pay about 30% of their own monthly income as their rent."  [Complaint at 12, § V.F.1.]  Plaintiff also describes the process through which the contract rent is determined by the County Defendants and Ainakea, using the HUD FMR.  [Id. at 14, § V.H.]  Thus, based on the allegations in the Complaint, HAPI is not involved in the determination of either the contract rent or the portion of the rent that Plaintiff must pay.  This Court therefore CONCLUDES that Plaintiff's claims related to the increase in the contract rent and his portion of the rent fail as a matter of law against HAPI.  Those claims against HAPI are DISMISSED.

### B.  Security Deposit Increase

Plaintiff alleges that the contract rent between the 2014-2015 lease year to the 2015-2016 lease year increased from $800 to $981, and that the amount of the tenants' security deposits also increased from $800 to $981.  However, he

11

acknowledges that tenants who were living at ASR in October 2014 are not subject to the higher security deposit. [Id. at 12, § V.G.]  The County Defendants argue that Plaintiff is not subject to the increased security deposit because he began his tenancy at ASR prior to October 2014. [Mem. in Supp. of Motion at 2 (citing Complaint at 14).]  Page 14 of the Complaint, however, does not clearly state that Plaintiff began his tenancy at ASR prior to October 2014; it merely sets forth the FMR and ASR contract rent for the 2013-2014 lease year, the 2014-2015 lease year, and the 2015-2016 lease year. [Complaint at 14, § V.H.]  This Court also notes that the Complaint alleges that "[t]his law suit has been some three years in the making." [Id. at 3, § II.]  These allegations suggest, but do not clearly indicate, that Plaintiff has been an ASR tenant since before October 2014.

At the same time, the Complaint does not clearly allege that Plaintiff began his ASR tenancy after October 2014, requiring him to pay the increased security deposit. Further, in his memorandum in opposition to the Motion, Plaintiff did not contradict the County Defendants' argument about the length of his tenancy. This Court therefore CONCLUDES that Plaintiff's has failed to plead sufficient facts to establish that he is subjected to the increased security deposit. Because he does not allege an injury, he fails to state plausible claims regarding

12

the security deposit increase.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007))).  Plaintiff's claims arising from the increase in the amount of the security deposit for the 2015-2016 lease year are therefore DISMISSED.

###   C.   Contract Rent Increase

Plaintiff raises various challenges to the manner in which the County Defendants and Ainakea determine the contract rent for ASR.  However, regardless of what the contract rent is in any given year, Plaintiff's portion of the monthly rent is thirty percent of his monthly income, i.e., his portion does not depend upon the amount of the contract rent.  See Complaint at 12, § V.F.1.

> Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies."  U.S. Const., Art. III, § 2.  The doctrine of standing gives meaning to these constitutional limits by "identify[ing] those disputes which are appropriately resolved through the judicial process."  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992).  "The law of Article III standing, which is built on separation-of-powers principles, serves to prevent the judicial process from being used to usurp the powers of the political branches."  Clapper v. Amnesty Int'l USA, 568 U.S. ----, ----, 133 S. Ct. 1138, 1146, 185 L. Ed. 2d 264 (2013).  To establish Article III standing, a plaintiff must show (1) an "injury

in fact," (2) a sufficient "causal connection between the injury and the conduct complained of," and (3) a "likel[ihood]" that the injury "will be redressed by a favorable decision." Lujan, supra, at 560-561, 112 S. Ct. 2130 (internal quotation marks omitted).

Susan B. Anthony List v. Driehaus, 134 S. Ct. 2334, 2341 (2014) (some alterations in Susan B. Anthony List) (footnote omitted). Plaintiff's alleged injury is the increase in his portion of the monthly rent for his ASR unit, and the conduct he complains of is the allegedly improper determination of the ASR contract rent. Because Plaintiff's portion of the monthly rent is determined based upon his monthly income and not based upon the contract rent, the Complaint does not contain sufficient factual allegations that, if proven, would establish a causal connection between his injury and the conduct he complains of. Further, even if Plaintiff is ultimately able to prove that the County Defendants and Ainakea do not comply with the applicable laws and regulations in determining the contract rent, the decision would not redress Plaintiff's injury, i.e. the decision would not invalidate the increase in his portion of the rent.

To the extent that Plaintiff attempts to challenge the increase in the ASR contract rent without regard to the increase in his portion of the rent, Plaintiff's claim still fails. 24 C.F.R. § 982.456 states, in pertinent part:

> (b)(1)    The family is not a party to or third party beneficiary of the HAP contract. Except as provided in paragraph (b)(2) of

14

this section, the family may not exercise any right or remedy against the owner under the HAP contract.

(2)  The tenant may exercise any right or remedy against the owner under the lease between the tenant and the owner, including enforcement of the owner's obligations under the tenancy addendum (which is included both in the HAP contract between the PHA and the owner; and in the lease between the tenant and the owner.)

(c)  The HAP contract shall not be construed as creating any right of the family or other third party (other than HUD) to enforce any provision of the HAP contract, or to assert any claim against HUD, the PHA or the owner under the HAP contract.

Thus, the Section 8 regulations do not allow tenants in federally subsidized housing to bring actions such as this one contesting the determination of the contract rent or to otherwise enforce the HAP contract.

This Court therefore CONCLUDES that Plaintiff has not pled sufficient factual allegations that, if proven, would establish that he has standing to bring claims challenging the increase in the ASR contract rent.  Plaintiff's claims challenging the contract rent are DISMISSED.

D.  **Increase in Plaintiff's Rent**

This Court does not construe Plaintiff's Complaint as challenging the increase in his portion of the ASR rent.  The Complaint does not allege that the County Defendants and Ainakea violated any statute or regulation in calculating Plaintiff's income.  To the extent that Plaintiff was attempting to allege a

15

claim that the County Defendants and Ainakea violated his right to due process when it increased his portion of the ASR rent, Plaintiff did not plead sufficient factual allegations to support this claim, and the claim is DISMISSED.

## III. **Claims Regarding Lease Terminations**

Plaintiff appears to allege a due process claim arising from the possibility that Defendants may terminate his lease based on a unilateral determination that he violated an ASR rule. He cites the evictions of Ms. Wilhelm and other ASR tenants as examples of what may happen to him.  The United States Supreme Court has stated:

> When an individual is subject to [the threatened enforcement of a law], an actual arrest, prosecution, or other enforcement action is not a prerequisite to challenging the law.  See Steffel v. Thompson, 415 U.S. 452, 459, 94 S. Ct. 1209, 39 L. Ed. 2d 505 (1974) ("[I]t is not necessary that petitioner first expose himself to actual arrest or prosecution to be entitled to challenge a statute that he claims deters the exercise of his constitutional rights"); see also MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 128–129, 127 S. Ct. 764, 166 L. Ed. 2d 604 (2007) ("[W]here threatened action by government is concerned, we do not require a plaintiff to expose himself to liability before bringing suit to challenge the basis for the threat").  Instead, we have permitted pre-enforcement review under circumstances that render the threatened enforcement sufficiently imminent.  Specifically, we have held that a plaintiff satisfies the injury-in-fact requirement where he alleges "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder."  Babbitt v. Farm Workers, 442 U.S. 289, 298, 99 S.

Ct. 2301, 60 L. Ed. 2d 895 (1979). . . .

Susan B. Anthony List, 134 S. Ct. at 2342 (some alterations in Susan B. Anthony List). Based on these principles, the fact that Plaintiff has not been subjected to lease termination is not fatal to his due process claim. However, his Complaint must allege facts that, if proven, would establish that he faces a "sufficiently imminent" threat of lease termination.

For purposes of the instant Motion, this Court must assume that all of the factual allegations in the Complaint are true. However, this Court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). If this Court accepts Plaintiff's allegations that Ms. Wilhelm and four other ASR tenants recently had their leases terminated for a rule violation and that Defendants did not give them the opportunity to respond to the alleged violation, those facts arguably establish a credible threat of lease termination for a rule violation. The Complaint, however, does not allege Plaintiff intends to engage in a course of conduct that is arguably affected with a constitutional interest, but is prohibited by the ASR rules.[5]

---

[5] The Complaint alleges that Plaintiff has been injured by Defendants' current practices because he, *inter alia*, has been denied "the right to legally form and participate in a tenants organization pursuant to 24 CFR 245.100 *et sequel*." [Complaint
(continued...)

17

This Court therefore CONCLUDES that Plaintiff has not pled sufficient allegations that, if proven, would establish an injury in fact for his due process claim regarding threatened lease termination.  It therefore fails to state a claim upon which relief can be granted and must be DISMISSED.

## IV.  <u>Equal Protection Claims</u>

Count II alleges that Defendants are violating Plaintiff's right to equal protection under the United States Constitution and the Hawai`i State Constitution.  This Court has stated:

> A plaintiff can state an equal protection claim in two ways.  First, he or she can allege that "defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class."  <u>See</u> <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194-95 (9th Cir. 1998) (citing <u>Washington v. Davis</u>, 426 U.S. 229, 239-40 (1976)).
>
> If the challenged acts do not involve a suspect classification, he or she can establish a

---

[5](...continued)
at 18, § VI.]  However, the Complaint does not plead any factual allegations regarding this injury, nor does it allege that his attempts to form and participate in a tenants association are prohibited by ASR rules.  Plaintiff's memorandum in opposition to the Motion contains additional information on this issue, <u>see, e.g.</u>, Mem. in Opp. at 5, but this Court's review – for purposes of the instant Motion – is limited to the factual allegations in the Complaint.  <u>See</u> <u>Daniels-Hall v. Nat'l Educ. Ass'n</u>, 629 F.3d 992, 998 (9th Cir. 2010) (stating that "generally the scope of review on a motion to dismiss for failure to state a claim is limited to the Complaint").  This Court therefore cannot consider the additional information in the memorandum in opposition in determining whether Plaintiff's due process claim regarding lease termination states a claim upon which relief can be granted.

"class of one" claim by alleging that he was
"intentionally treated differently from others
similarly situated and that there is no rational
basis for the difference in treatment." See Vill.
of Willowbrook v. Olech, 528 U.S. 562, 564 (2000);
Squaw Valley Dev. Co. v. Goldberg, 375 F.3d 936,
944 (9th Cir. 2004), overruled on other grounds by
Action Apartment Ass'n v. Santa Monica Rent
Control Bd., 509 F.3d 1020, 1025 (9th Cir. 2007).

Lagmay v. Nobriga, CIV. NO. 15-00463 LEK/BMK, 2016 WL 164296, at

*5 (D. Hawai`i Jan. 12, 2016).  "Although the Ninth Circuit

recognizes the class-of-one theory, the court has cautioned that,

'unless constrained, the class of-one-theory of equal protection

claim could provide a federal cause of action for review of

almost every . . . administrative decision.'"  Chachas v. City of

Ely, Nev., 615 F. Supp. 2d 1193, 1205-06 (D. Nev. 2009) (quoting

Engquist v. Oregon Dep't of Agric., 478 F.3d 985, 993 (9th Cir.

2007), aff'd, 553 U.S. 591, 128 S. Ct. 2146, 170 L. Ed. 2d 975

(2008)).

Plaintiff does not allege that he is being

discriminated against based on his membership in a protected

class.  Instead, his claim compares a group of tenants in a

federally-subsidized housing for seniors to a group of tenants in

a similar facility.  This Court also notes that the United States

Supreme Court "has said repeatedly that age is not a suspect

classification under the Equal Protection Clause." Gregory v.

Ashcroft, 501 U.S. 452, 470 (1991) (citing cases).

Thus, Plaintiff appears to be asserting a "class of one" equal protection claim. Plaintiff, however, does not allege either how the ASR tenants are treated differently from the AEP tenants or that the differential treatment is intentional and discriminatory. See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). In addition, it is not clear from the Complaint whether the ASR tenants and the AEP tenants are similarly situated because, as Plaintiff recognizes, the two facilities are owned and managed by different entities and are subsidized through different sources of federal funding. See Complaint at 19, § VII. This Court therefore CONCLUDES that Count II – Plaintiff's equal protection claim – fails to state a plausible claim for relief and must be DISMISSED.

**V.    Summary and Leave to Amend**

Both the Motion and the Joinder argue that this Court should dismiss Plaintiff's claims with prejudice. Plaintiff argues that, if this Court dismisses his claims, the dismissal should be without prejudice, *i.e.*, this Court should allow him to amend his Complaint. The Ninth Circuit has held that, "[u]nless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." See Lucas v. Dep't of Corr., 66 F.3d

20

245, 248 (9th Cir. 1995).

     **A.**   <u>**Claims Related to the Rent Increases**</u>

      As to Plaintiff's claims against HAPI related to the increase in the ASR contract rent, the security deposit, and Plaintiff's portion of the rent, this Court CONCLUDES that it is absolutely clear that no amendment can cure the defects in those claims because HAPI is not involved in the determination of those amounts.  This Court therefore GRANTS the Joinder insofar as those claims are DISMISSED WITH PREJUDICE as to HAPI.

      As to Plaintiff's claims against the County Defendants and Ainakea challenging the increases in the contract rent and the security deposit, it is arguably possible for Plaintiff to amend his claims to cure the defect in his claims if he can allege that he has been harmed by the increase in the contract rent.  For example, if he is subject to the increased security deposit, which he alleges correlates to the increased contract rent.  This Court therefore GRANTS the Motion insofar as Plaintiff's claims against the County Defendants and Ainakea challenging the increase in the contract rent and the increase in the security deposit are DISMISSED, and this Court DENIES the Motion insofar as the dismissal of those claims is WITHOUT PREJUDICE.

      Similarly, this Court CONCLUDES that, to the extent that Plaintiff wanted to assert claims against the County

21

Defendants and Ainakea challenging the increase in his portion of the rent, it is arguably possible for him to cure the defects in those claims by amendment.  For example, he may be able to plead additional factual allegations showing that he was denied due process in the determination of his monthly income.  This Court therefore DENIES the Motion insofar as this Court GRANTS Plaintiff leave to include in his amended complaint claims against the County Defendants and Ainakea challenging the increase in his portion of the rent.

      **B.**   **Claims Regarding Lease Termination**

      This Court CONCLUDES that it is arguably possible for Plaintiff to cure the defects in his claims regarding lease termination, if he can plead additional facts showing that he faces a sufficiently imminent threat of lease termination.  This Court therefore GRANTS the Motion and the Joinder insofar as Plaintiff's claims against all Defendants regarding lease termination are DISMISSED, and it DENIES the Motion and the Joinder insofar as the dismissal of those claims is WITHOUT PREJUDICE.

      **C.**   **Equal Protection Claim**

      This Court CONCLUDES that it is arguably possible for Plaintiff to cure the defects in his equal protection claim, if he can plead additional facts regarding how he, as an ASR tenant, is being intentionally discriminated against compared to the

similarly situated AEP tenants.  This Court therefore GRANTS the Motion and the Joinder insofar as Plaintiff's equal protection claim against all Defendants is DISMISSED, and it DENIES the Motion and the Joinder insofar as the dismissal of the equal protection claim is WITHOUT PREJUDICE.

      D.   **<u>Claims on Behalf of Other Current and Former Tenants</u>**

      As to the Representative Claims, this Court CONCLUDES that it is absolutely clear that no amendment can cure the defects in the Representative Claims against HAPI regarding the increases in the contract rent, security deposits, and the tenants' portions of the rent.  This Court therefore GRANTS the Joinder insofar as those Representative Claims are DISMISSED WITH PREJUDICE as to HAPI.

      As to all of the remaining Representative Claims, this Court CONCLUDES that it may be possible for Plaintiff to cure the defects in those claims, but he must first retain counsel.  This Court will not address the merits of the remaining Representative Claims unless an attorney who is licensed to practice in this district appears on behalf of Plaintiff in this case.  This Court therefore GRANTS the Motion and the Joinder insofar as the remaining Representative Claims, against all Defendants, are DISMISSED, and it DENIES the Motion and the Joinder insofar as the dismissal of the remaining Representative Claims is WITHOUT PREJUDICE.

E.    __Leave to Amend__

To the extent that this Court has dismissed any claim without prejudice, this Court will allow Plaintiff to file a motion for leave to file an amended complaint.  Plaintiff must attach a copy of his proposed amended complaint to the motion for leave to file an amended complaint.  See Local Rule LR10.3 ("Any party filing or moving to file an amended complaint . . . shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court.").  This Court ORDERS Plaintiff to file his motion for leave to file an amended complaint by **May 2, 2016**.  The motion will be referred to the magistrate judge.

This Court CAUTIONS Plaintiff that, if he fails to file his motion for leave to file an amended complaint by **May 2, 2016**, all of the claims that this Court dismissed without prejudice in this Order will be dismissed with prejudice, and this Court will direct the Clerk's Office to issue the final judgment and close the case.  In other words, Plaintiff would have no remaining claims in this case.  This Court also CAUTIONS Plaintiff that, even if the magistrate allows Plaintiff to file his proposed amended complaint, as to any claim that this Order dismissed without prejudice, the corresponding amended claim may be dismissed with prejudice if the amended claim fails to cure the defects identified in this Order.

## CONCLUSION

On the basis of the foregoing, the County Defendants' Motion to Dismiss, filed December 14, 2015, and HAPI's substantive joinder in the Motion, filed December 18, 2015, are HEREBY GRANTED IN PART AND DENIED IN PART, as set forth *supra* Discussion Section V.  Plaintiff must file his motion for leave to file an amended complaint by **May 2, 2016**, and the motion must comply with the rulings in Section V.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 16, 2016.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

LANRIC HYLAND VS. OFFICE OF HOUSING & COMMUNITY DEVELOPMENT, ET AL; CIVIL 15-00504 LEK-RLP; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS OFFICE OF HOUSING & COMMUNITY DEVELOPMENT, COUNTY OF HAWAII'S MOTION TO DISMISS; AND GRANTING IN PART AND DENYING IN PART DEFENDANT HAWAII AFFORDABLE PROPERTIES, INC.'S SUBSTANTIVE JOINDER