IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

LANRIC HYLAND,                    )     CIVIL 15-00504 LEK-RLP
                                 )
          Plaintiff,             )
                                 )
     vs.                         )
                                 )
OFFICE OF HOUSING & COMMUNITY    )
DEVELOPMENT, ET AL.,             )
                                 )
          Defendants.            )
_____  )

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO DISMISS SUIT WITHOUT PREJUDICE**

Before the Court is pro se Plaintiff Lanric Hyland's

("Plaintiff") Motion to Dismiss Suit Without Prejudice

("Motion"), filed on August 15, 2016.  [Dkt. no. 74.]  On

August 17, 2016, this Court issued an entering order informing

the parties that it was inclined to grant Plaintiff's Motion and

to dismiss the case without prejudice, with each party to bear

its own fees and costs ("Inclination").  [Dkt. no. 75.]

Defendant Hawaii Affordable Properties, Inc. ("HAPI")

and Defendant Ainakea Senior Residences LLLP ("Ainakea") filed

their respective objections to the Inclination on August 18, 2016

and August 29, 2016.[1]  [Dkt. nos. 76, 77.]  The Court finds this

matter suitable for disposition without a hearing pursuant to

_____

[1] Defendants Office of Housing & Community Development and
the County of Hawaii ("the County Defendants") did not file a
response to the Inclination.  This Court will refer to the County
Defendants, HAPI, and Ainakea collectively as "Defendants."

Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting and opposing documents, and the relevant legal authority, Plaintiff's Motion is HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

<u>BACKGROUND</u>

Plaintiff originally filed his "Verified Complaint of Lanric Hyland; Complaint for Complaint for [sic] Declaratory & Injunctive Relief; Appeal from Declaratory Petition" ("Complaint") in state court on August 11, 2015, and the County Defendants removed it to this district court. [Notice of Removal, filed 12/9/15 (dkt. no. 1), Decl. of Melody Parker, Exh. A.] The factual and procedural background of this case is set forth in this Court's March 16, 2016 Order Granting in Part and Denying in Part Defendants Office of Housing & Community Development, County of Hawaii's Motion to Dismiss; and Granting in Part and Denying in Part Defendant Hawaii Affordable Properties, Inc.'s Substantive Joinder ("3/16/16 Order"). [Dkt. no. 47.] In the Complaint, Plaintiff attempted to bring various claims – on his own behalf and on behalf of others — arising from events at Ainakea Senior Residences ("ASR"), the low income housing project where he resides.

2

In the 3/16/16 Order, this Court dismissed the Complaint in its entirety, with limited leave to amend. Specifically, this Court dismissed the following claims with prejudice: Plaintiff's claims against HAPI related to the increase in the ASR contract rent, the security deposit, and Plaintiff's portion of the rent; and the portion of the claims that Plaintiff was attempting to bring on behalf of other current and former ASR tenants ("Representative Claims") against HAPI regarding the increases in the contract rent, security deposits, and the tenants' portions of the rent. This Court dismissed the following claims without prejudice: Plaintiff's claims against the County Defendants and Ainakea challenging the increases in the contract rent and the security deposit; Plaintiff's claims against all Defendants regarding lease termination; and Plaintiff's equal protection claim against all Defendants. This Court also dismissed all other portions of the Representative Claims without prejudice, stating that it would not address the merits of those claims unless Plaintiff retained counsel. [3/16/16 Order at 21-23.] In addition, this Court noted that, although Plaintiff apparently intended to do so, the Complaint did not actually allege claims against the County Defendants and Ainakea challenging the increase in his portion of the rent. However, this Court granted Plaintiff leave to include such claims in his amended complaint. [Id. at 21-22.]

3

The 3/16/16 Order directed Plaintiff to file a motion seeking leave to file an amended complaint by May 2, 2016. [Id. at 24.]  On May 2, 2016, Plaintiff filed a document titled "First Amended Complaint," [dkt. no. 54,] which the magistrate judge construed as a motion for leave to file an amended complaint ("Motion for Leave").  [Dkt. no. 56.]  On June 9, 2016, the magistrate judge issued the Order Granting in Part and Denying in Part Plaintiff's Motion for Leave to File an Amended Complaint ("6/9/16 Order").  [Dkt. no. 63.]

The magistrate judge construed the Motion for Leave as raising five "areas of concern" and three claims asserting constitutional violations.  [6/9/16 Order at 5.]  The five areas of concern were: "security deposits, tenant grievances, tenant organizations, redetermination of contract rent, and termination of tenancy."  [Id. (citing Motion for Leave at ¶¶ 20, 49-78).] The three claims were:

> (1) denial of due process because his lease could be terminated for a rule violation without due process; (2) denial of equal protection because he is treated differently than the tenants at other senior housing projects; (3) denial of assembly and association because he is not allowed to form a tenants organization.

[Id. (citing Motion for Leave at ¶¶ 102-12).]  Plaintiff again attempted to allege the Representative Claims based on alleged injuries to other tenants.  The magistrate judge denied the Motion for Leave as to those claims, concluding that they were

4

futile because Plaintiff was still pro se.  [Id. at 6-7.]

        The magistrate judge denied the Motion for Leave as to all of the proposed claims regarding security deposits: the claim arising from the increase in the amount of the 2015-2016 security deposit; the claim that the manner in which the security deposit was determined violated Hawaii's Residential Landlord-Tenant Code; the equal protection claim regarding the determination; and the claim alleging that the determination violated the United States Department of Housing and Urban Development ("HUD") regulations.  [Id. at 7-12.]  The magistrate judge also denied the Motion for Leave as to Plaintiff's claim based on Defendants' alleged failure to comply with HUD regulations regarding tenant grievances.  [Id. at 12-13.]  The magistrate judge concluded that all of these claims were futile.

        The Motion for Leave included various claims arising from the ASR's tenants' inability to form a tenant organization. These claims included: an alleged violation of 24 C.F.R. § 245.100; a claim that the different treatment of ASR tenants and tenants of the Waimea Elderly Housing Project violated Plaintiff's equal protection rights; and alleged violations of Plaintiff's constitutional right to free assembly and association.  The magistrate judge concluded that these claims were futile.  [Id. at 13-15.]

The Motion for Leave also included a claim against
Defendant Office of Housing & Community Development based on
alleged contractual violations in the calculation of the contract
rent and a claim that Plaintiff's due process rights were
violated because he could not participate in the determination of
the contract rent.  The magistrate judge denied the Motion for
Leave as to these claims, concluding that they were futile.  [Id.
at 17-20.]

Finally, the Motion for Leave included a due process
claim based on a threat of termination of Plaintiff's lease
("Lease Termination Claim").  When this Court dismissed the
corresponding claim in the original Complaint, this Court
concluded that, although Plaintiff arguably pled sufficient facts
to establish a credible threat of lease termination for a rule
violation, the Complaint did not allege that Plaintiff intends to
engage in a course of conduct that is arguably affected with a
constitutional interest, but is prohibited by ASR's rules.
[3/16/16 Order at 17-18.]  Plaintiff's Motion for Leave alleged
that he wants to buy and use a small grill, but that it is
prohibited by ASR rules, and he alleged that the prohibition is a
violation of his right to acquire and possess property under
Article 1, section 2 of the Hawai`i State Constitution.  The
magistrate judge concluded that Plaintiff alleged sufficient
facts, for purposes of the Motion for Leave, to state a due

process claim.  Thus, the magistrate judge granted the Motion for
Leave as to Plaintiff's Lease Termination Claim.  [6/19/16 Order
at 21-22.]

The magistrate judge gave Plaintiff until June 20, 2016
to file a second amended complaint.  [Id. at 23.]  Plaintiff
later moved for an extension of the deadline, and the magistrate
judge extended the deadline to August 11, 2016.  [Dkt. nos. 67
(motion), 69 (entering order granting extension).]

On July 25, 2016, Plaintiff filed a motion for
reconsideration of the 6/19/16 Order, and the magistrate judge
issued an order denying the motion on August 1, 2016 ("8/1/16
Order").  [Dkt. nos. 72, 73.]  Plaintiff did not appeal either
the 6/9/16 Order or the 8/1/16 Order to this Court.

Instead of filing a second amended complaint, Plaintiff
filed the instant Motion.  He states that he is not "physically
or mentally capable" of pursuing this action at this time, and he
asks this Court to dismiss the action without prejudice.  [Motion
at 1.]  In its objections to the Inclination, HAPI states that it
does not object to the dismissal of Plaintiff's case, but HAPI
argues that the dismissal should be with prejudice.  In the
alternative, HAPI argues that this Court should only dismiss the
Lease Termination Claim without prejudice.  In its objections,
Ainakea also argues that the dismissal should be with prejudice,
emphasizing that Plaintiff: already had the opportunity to cure

the defects in his claims and failed to do so; and did not file the Motion until four days after his deadline to file his second amended complaint.

### STANDARD

Fed. R. Civ. P. 41(a)(2) states that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

> The phrase "terms that the court considers proper" provides district courts the discretion to dismiss with or without prejudice. See Hargis v. Foster, 312 F.3d 404, 412 (9th Cir. 2002) ("Rule 41 vests the district court with discretion to dismiss an action at the plaintiff's instance 'upon such terms and conditions as the court deems proper.' That broad grant of discretion does not contain a preference for one kind of dismissal or another.").
>
> . . . In Westlands Water District v. United States, 100 F.3d 94, 96 (9th Cir. 1996), we stated, "[w]hen ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." . . .

Diamond State Ins. Co. v. Genesis Ins. Co., 379 F. App'x 671, 673 (9th Cir. 2010) (some alterations in Diamond State Ins.).

### DISCUSSION

First, this Court is not persuaded by Ainakea's argument that the dismissal should be with prejudice because Plaintiff filed the Motion after his deadline to file the second amended complaint. It is true that Plaintiff's pro se status

8

does not excuse him from following the applicable court rules and deadlines.  See Briones v. Riviera Hotel & Casino, 116 F.3d 379, 382 (9th Cir. 1997) (per curiam) (stating that "pro se litigants are not excused from following court rules").  However, this Court finds that Plaintiff's filing of the Motion four days after the deadline did not cause Defendants to suffer "some plain legal prejudice."  This Court therefore rejects Ainakea's argument regarding the timing of Plaintiff's Motion.

Second, this Court notes that, insofar as the 3/16/16 Order has already dismissed some of Plaintiff's claims with prejudice, those claims are no longer at issue in this case.  The claims dismissed with prejudice in the 3/16/16 Order would not be affected by this Court's rulings on Plaintiff's Motion.

Finally, after careful consideration of the Motion and the objections, this Court agrees with HAPI and Ainakea that, if this Court dismissed all of the remaining portions of Plaintiff's case without prejudice, it would result in "some plain legal prejudice" to Defendants.  As to the claims proposed in the Motion for Leave that the magistrate judge concluded were futile, Plaintiff would not have been allowed to include those claims had he filed a second amended complaint in this case because he did not appeal the magistrate judge's orders to this Court.  If this Court dismissed the remainder of this case without prejudice, Plaintiff could re-file all of those claims in a new action.

This Court finds that Defendants would suffer plain legal prejudice if they were required to respond to claims that the magistrate judge ruled were futile on the merits.  This Court therefore FINDS that the Rule 41(a)(2) dismissal of Plaintiff's proposed claims which the magistrate judge denied leave to amend on the merits must be WITH PREJUDICE.

This Court, however, emphasizes that neither it nor the magistrate judge ruled on the merits of the Representative Claims.  Ultimately, the magistrate judge denied Plaintiff's Motion for Leave as to the Representative Claims because Plaintiff is still proceeding pro se and "he cannot pursue claims on behalf of others in a representative capacity."  [6/9/16 Order at 6 (citing 3/16/16 Order at 9-11).]  Thus, this Court finds that dismissing the Representative Claims without prejudice would not result in "some plain legal prejudice" to Defendants.  Further, insofar as the magistrate judge granted the Motion for Leave as to Plaintiff's Lease Termination Claim, this Court also finds that dismissing that claim without prejudice would not result in "some plain legal prejudice" to Defendants.  This Court FINDS that the Rule 41(a)(2) dismissal of the Representative Claims and Plaintiff's Lease Termination Claim must be WITHOUT PREJUDICE.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Motion to Dismiss Suit Without Prejudice, filed August 15, 2016, is HEREBY GRANTED IN PART AND DENIED IN PART. Plaintiff's Motion is GRANTED insofar as the Representative Claims and Plaintiff's Lease Termination Claim are HEREBY DISMISSED WITHOUT PREJUDICE to the re-filing of those claims in a new case. Plaintiff's Motion is DENIED insofar as all of the other claims which remained at issue in this case after this Court's March 16, 2016 order are HEREBY DISMISSED WITH PREJUDICE.

There being no remaining claims in this case, this Court DIRECTS the Clerk's Office to enter final judgment and close the case on **October 21, 2016**, unless any party files a motion for reconsideration of the instant Order by **October 17, 2016**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 30, 2016.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**LANRIC HYLAND VS. OFFICE OF HOUSING & COMMUNITY DEVELOPMENT, ET AL; CIVIL 15-00504 LEK-RLP; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS SUIT WITHOUT PREJUDICE**