IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

LANRIC HYLAND,                    )    CIVIL 15-00504 LEK-RLP
                                  )
          Plaintiff,              )
                                  )
     vs.                          )
                                  )
OFFICE OF HOUSING & COMMUNITY     )
DEVELOPMENT, ET AL.,              )
                                  )
          Defendants.             )
_____ )


**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S APPEAL
OF THE MAGISTRATE JUDGE'S JUNE 9, 2016 ORDER AND AUGUST 1, 2016
ORDER; AND WITHDRAWING THIS COURT'S MARCH 16, 2017 ORDER**

          On June 9, 2016, the magistrate judge issued an Order

Granting in Part and Denying in Part Plaintiff's Motion for Leave

to File an Amended Complaint ("6/9/16 Order") and, on August 1,

2016, he issued an order denying Plaintiff Lanric Hyland's

("Plaintiff") motion for reconsideration of the 6/9/16 Order

("8/1/16 Order"). [Dkt. nos. 63, 73.] Before the Court is

Plaintiff's appeal of the 6/9/16 Order and the 8/1/16 Order

("Appeal"), filed on October 17, 2016. [Dkt. nos. 81

(Plaintiff's filing), 83 (entering order construing Plaintiff's

filing as the Appeal).] On October 24, 2016, Plaintiff filed a

letter in support of the Appeal. [Dkt. no. 84.] On November 10,

2016, Defendants Office of Housing & Community Development and

the County of Hawaii (collectively "the County Defendants") filed

their memorandum in opposition to the Appeal, and Defendant

Hawaii Affordable Properties, Inc. ("HAPI") filed a joinder in

the County Defendants' memorandum.  [Dkt. nos. 85, 86.]  Also on
November 10, 2016, Defendant Ainakea Senior Residences LLLP
("Ainakea") filed its memorandum in opposition.  [Dkt. no. 87.]
Plaintiff filed his reply in support of the Appeal on
November 29, 2016.  [Dkt. no. 88.]

On February 27, 2017, Plaintiff filed a Motion to
Submit Additional Facts,[1] which this Court granted on
February 28, 2017.  [Dkt. nos. 89, 90.]  On March 27, 2017,
Plaintiff filed his supplemental memorandum regarding the letter
attached to the Motion to Submit Additional Facts ("Plaintiff's
Supplemental Memorandum").[2]  [Dkt. no. 97.]  The County
Defendants and Ainakea filed their respective responses to
Plaintiff's Supplemental Memorandum ("County Defendants'
Supplemental Memorandum" and "Ainakea's Supplemental Memorandum")
on April 7, 2017.  [Dkt. nos. 101, 102.]

The Court has considered the Appeal as a non-hearing
matter pursuant to Rule LR7.2(e) of the Local Rules of Practice
of the United States District Court for the District of Hawai`i
("Local Rules").  Plaintiff's Appeal is hereby granted in part

---

[1] The Motion to Submit Additional Facts asked this Court to
consider a letter dated February 17, 2017 to Plaintiff from the
HAPI's Regional Property Manager for Ainakea Senior Residences
("2/17/17 Letter").

[2] Plaintiff's counsel, Margaret Dunham Wille, Esq., entered
her appearance on March 6, 2017.  [Dkt. no. 91.]  Prior to that
point, Plaintiff had been proceeding pro se.

and denied in part for the reasons set forth below.  Further, in light of the ruling on the Appeal, this Court withdraws its Order Granting in Part and Denying in Part Plaintiff's Motion to Dismiss Suit Without Prejudice, filed on September 30, 2016 ("9/30/16 Order").  [Dkt. no. 80.]

## BACKGROUND

Plaintiff originally filed his "Verified Complaint of Lanric Hyland; Complaint for Complaint for [sic] Declaratory & Injunctive Relief; Appeal from Declaratory Petition" ("Complaint") in state court on August 11, 2015.  [Notice of Removal, filed 12/9/15 (dkt. no. 1), Decl. of Melody Parker, Exh. A.]  The factual basis for Plaintiff's claims is described in this Court's March 16, 2016 order ruling on the County Defendants' motion to dismiss ("3/16/16 Order").  [Dkt. no. 47.] In the Complaint, Plaintiff attempted to bring various claims – on his own behalf and on behalf of others — arising from events at Ainakea Senior Residences ("ASR"), the low income housing project where he resides.

In the 3/16/16 Order, this Court dismissed the Complaint in its entirety, but allowed Plaintiff to attempt to cure the defects in a limited number of his claims through a motion seeking leave to file an amended complaint.  [3/16/16 Order at 20-24.]  On May 2, 2016, Plaintiff filed a document titled "First Amended Complaint" that the magistrate judge

construed as Plaintiff's motion seeking leave to file the First
Amended Complaint ("Motion for Leave").  [Dkt. nos. 54 (Motion
for Leave, 56 (EO construing Plaintiff's filing).]

In the 6/9/16 Order, the magistrate judge granted the
Motion for Leave in part and denied it in part.  [Dkt. no. 63.]
The magistrate judge denied the Motion for Leave as to all of
Plaintiff's proposed claims, except for Plaintiff's due process
claim based on a threat of termination of Plaintiff's lease
("Lease Termination Claim").  Plaintiff's Motion for Leave
alleged that he wants to buy and use a small grill, but that it
is prohibited by ASR rules, and he alleged that the prohibition
is a violation of his right to acquire and possess property under
article 1, section 2 of the Hawai`i State Constitution.  The
6/9/16 Order directed Plaintiff to file a second amended
complaint that included only the Lease Termination Claim.  On
July 25, 2016, Plaintiff filed a motion for reconsideration of
the 6/9/16 Order ("Motion for Reconsideration").  [Dkt. no. 72.]
The 8/1/16 Order denied Plaintiff's Motion for Reconsideration in
its entirety.

Although Plaintiff had leave to file a second amended
complaint alleging the Lease Termination Claim, on August 15,
2016, he instead filed a Motion to Dismiss Suit Without Prejudice
("Plaintiff's Motion to Dismiss").  [Dkt. no. 74.]  In the
9/30/16 Order, this Court granted Plaintiff's Motion to Dismiss,

4

insofar as this Court dismissed without prejudice Plaintiff's Lease Termination Claim and the claims that he attempted to bring on behalf of other current and former ASR residents ("Representative Claims"). The remainder of Plaintiff's claims that this Court dismissed without prejudice in the 3/16/16 Order were dismissed with prejudice in the 9/30/16 Order.

Plaintiff now asks this Court to reverse the 6/9/16 Order and the 8/1/16 Order as to his claims regarding: security deposits; tenant grievance procedures; the formation of a tenant organization; the calculation of the contract rent, to the extent that the amount of the contract rent affects the amount of his security deposit; and the Representative Claims. Plaintiff also asks this Court to affirm the 6/9/16 Order and the 8/1/16 Order as to the Lease Termination Claim.

## **STANDARD**

This district court has stated:

> Pursuant to 28 U.S.C. § 636(b)(1)(A), a district judge may designate a magistrate judge to hear and decide a pretrial matter pending before the court. The decision of the magistrate judge on non-dispositive matters is final. <u>Bhan v. NME Hosp., Inc.</u>, 929 F.2d 1404, 1414 (9th Cir. 1991). However, a district judge may reconsider a magistrate's order on these non-dispositive pretrial matters and set aside that order, or any portion thereof, if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); LR 74.1; <u>see</u> <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057,1063 (9th Cir. 2004); <u>see also</u> <u>Osband v. Woodford</u>, 290 F.3d 1036, 1041 (9th Cir. 2002).

The threshold of the "clearly erroneous" test is high.  <u>See</u> <u>Boskoff v. Yano</u>, 217 F. Supp. 2d 1077, 1084 (D. Haw. 2001).  The magistrate judge's factual findings must be accepted unless the court is "left with the definite and firm conviction that a mistake has been committed."  <u>United States v. Silverman</u>, 861 F.2d 571, 576-[77] (9th Cir. 1988).  "The reviewing court may not simply substitute its judgment for that of the deciding court."  <u>Grimes v. City & Cnty. of S.F.</u>, 951 F.2d 236, 241 (9th Cir. 1991).

"A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard."  <u>Na Pali Haweo Cmty. Ass'n v. Grande</u>, 252 F.R.D. 672, 674 (D. Haw. 2008); <u>see</u> <u>Hunt v. Nat'l Broadcasting Co.</u>, 872 F.2d 289, 292 (9th Cir. 1989) (noting that such failures constitute abuse of discretion).

<u>Himmelfarb v. JP Morgan Chase Bank, Nat'l Ass'n</u>, CV. No. 10-00058 DAE-KSC, 2011 WL 4498975, at *2 (D. Hawai`i Sept. 26, 2011).

## DISCUSSION

### I.  Plaintiff's Supplemental Memorandum

Both the County Defendants and Ainakea argue that Plaintiff's Supplemental Memorandum improperly presents arguments that go beyond the effect of the 2/17/17 Letter and ask that this Court strike Plaintiff's Supplemental Memorandum.  [County Defs.' Suppl. Mem. at 4-5; Ainakea's Suppl. Mem. at 1-2.]  When this Court granted Plaintiff's Motion to Submit Additional Facts, it only allowed the defendants to submit supplemental memoranda addressing the effect of the 2/17/17 Letter on the issues in the Appeal.  [EO: Court Order Granting Pltf.'s Motion to Submit Additional Facts, filed 2/28/17 (dkt. no. 90), at 1.]  On

6

March 6, 2017, the same day Plaintiff's counsel entered her appearance, Plaintiff filed a motion seeking leave to file a supplemental memorandum in light of the 2/17/17 Letter ("3/6/17 Motion"). [Dkt. no. 92.] This Court granted Plaintiff's 3/6/17 Motion during a status conference held on March 13, 2017. [Amended Minutes, filed 3/13/17 (dkt. no. 96).]

In light of this Court's February 28, 2017 EO and the scope of Plaintiff's 3/6/17 Motion, Plaintiff's Supplemental Memorandum should have been limited to issues related to the 2/17/17 Letter. Instead, Plaintiff's Supplemental Memorandum addresses the Appeal as a whole. However, in light of the fact that Plaintiff filed the Appeal pro se, and in light of the fact that the defendants had the opportunity to respond to Plaintiff's Supplemental Memorandum, this Court concludes that it is in the interests of justice to consider all of Plaintiff's arguments.

Although it will consider all of the arguments in Plaintiff's Supplemental Memorandum, this Court notes that Plaintiff's counsel could have expressly requested leave to file a supplemental memorandum in support of the Appeal. Because Plaintiff's 3/6/17 Motion only requested leave to file a supplemental memorandum regarding issues related to the 2/17/17 Letter, Plaintiff's Supplemental Memorandum violated the terms of this Court's oral order granting the 3/6/17 Motion. This Court cautions Plaintiff that the filing of future documents which

violate a court order may result in the imposition of sanctions, including, but not limited to, striking the filing.

This Court now turns to the merits of the Appeal.

## II. **Security Deposit Claims**

### A. **Standing**

The magistrate judge concluded that Plaintiff's proposed claim in the Motion for Leave arising from the increase in the amount of the security deposit failed to state a plausible claim for relief because Plaintiff did not have standing, since he "does not allege that he is subjected to the increased security deposit." [6/9/16 Order at 8.] However, the 2/17/17 Letter informed Plaintiff that: effective May 1, 2017, the contract rent amount would be increased from $981.00 to $1,032.00 per month; and the amount of his security would be increased to $1,032.00. [Motion to Submit Additional Facts at 3.] In light of the additional evidence that was not available at the time of the magistrate judge's orders, the conclusion that Plaintiff lacks standing to bring claims based on the increase of the security deposit is contrary to law.

### B. **Landlord-Tenant Code**

Plaintiff's Motion for Leave also proposed a claim alleging that the manner in which the amount of the security deposit is calculated violates the Hawai`i Residential Landlord-Tenant Code ("the Code"), Haw. Rev. Stat. § 521-44(b). The

8

magistrate judge concluded that this claim was futile because the Code "do[es] not apply to Plaintiff as a resident of ASR."[3] [6/9/16 Order at 9.] Section 521-44(b) states that: "The landlord may require, as a condition of a rental agreement, a security deposit to be paid by or for the tenant for the items in subsection (a) and no others in an amount not in excess of a sum equal to one month's rent."[4]

The magistrate judge concluded that § 521-44(b) does not apply to Plaintiff's security deposit because Haw. Rev. Stat. § 521-7 states, in pertinent part:

> Unless created solely to avoid the application of this chapter, this chapter shall not apply to:
>
> . . . .
>
> (10) Residence or occupancy in a public housing project or complex directly controlled, owned, or managed by the Hawaii public housing authority pursuant to the federal low rent public housing program[.]

This Court agrees with Plaintiff that there is a possible set of

---

[3] As the magistrate judge noted, "[a]n amendment is futile if 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" [6/9/16 Order at 6 (quoting Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988)).]

[4] Section 521-44(b) also allows a security deposit to include an additional "amount agreed upon by the landlord and tenant to compensate the landlord for any damages caused by any pet animal allowed to reside in the premises pursuant to the rental agreement." Based on the factual allegations of the original Complaint and the Motion for Leave, this portion of § 521-44(b) is not at issue in the instant case.

facts regarding the control, ownership, and management of ASR that could be proved, such that ASR would not fall within § 521-7(10), and therefore the Code would apply to ASR. In the 8/1/16 Order, the magistrate judge concluded that, even assuming that the Code applied, Plaintiff's claim based on § 521-44(b) would still be futile because his security deposit is equivalent to one month's contract rent for his unit and, thus, he has failed to allege a violation of § 521-44(b). [8/1/16 Order at 4.] Plaintiff's supplemental memorandum raises a plausible argument that the Code requires his security deposit to be calculated based on his portion of the monthly rent.[5] Plaintiff may not ultimately succeed on the merits of this claim, but this Court cannot conclude that the claim is so clearly lacking in merit that it meets the futility standard. Therefore, the magistrate judge's conclusion that Plaintiff's proposed claim based on alleged violation of § 521-44(b) is futile is contrary to law.

C. **Equal Protection**

In the 6/9/16 Order, the magistrate judge stated:

As detailed in the March 16 Order, an equal protection claim requires Plaintiff to allege that

---

[5] Ainakea argues that federal law requires that Plaintiff's security deposit be equal to the contract rent. [Ainakea's Suppl. Mem. at 4 (some citations omitted) (citing 24 CFR §§ 891.435(a), 880.608(a), 983.301(b), 983.353).] The County Defendants make a similar argument. [County Defs.' Suppl. Mem. at 3.] However, this Court does not construe those regulations as necessarily requiring that Plaintiff's security deposit be equal to his contract rent.

the Defendants "intentionally treated [Plaintiff]
differently from others similarly situated and
that there is no rational basis for the difference
in treatment." [3/16/16 Order] at 19 (quoting
Laqmay v. Nobriga, CIV. NO. 15-00463 LEK/BMK, 2016
WL 164296, at *5 (D. Haw. Jan. 12, 2016)).
Plaintiff's equal protection claim in his proposed
First Amended Complaint is futile because
Plaintiff does not, and cannot, allege that these
Defendants treated Plaintiff differently than
residents of AEP and WEHP.[6]  As Plaintiff
alleges, AEP and WEHP are owned and managed by
different entities and have different sources of
federal funding than ASR.

[6/9/16 Order at 10-11.]  The magistrate judge concluded that

Plaintiff's proposed claim alleging an equal protection violation

related to security deposits was futile because Ainakea and HAPI

could not treat Plaintiff differently than AEP and WEHP residents

because they do not own or manage AEP and WEHP.  [Id. at 11.]

This Court agrees with the magistrate judge's analysis of the

proposed equal protection claim against Ainakea and HAPI, and

denies the Appeal as to Plaintiff's proposed equal protection

claim against Ainakea and HAPI regarding security deposits.

As to the County Defendants, the magistrate judge

concluded that Plaintiff's proposed claim was futile because

_____

[6] Ainakea Elderly Project ("AEP") is another senior living
facility.  AEP is owned by Kohala Union Housing Corp. and managed
by Bob Tanaka, Inc.  AEP is federally subsidized through
Section 202 of the Housing Act of 1959, 12 U.S.C. § 1701q, et
seq., and Section 8 of the Housing Act of 1937.  [3/16/16 Order
at 3.]  The Motion for Leave added allegations regarding Waimea
Elderly Housing Project ("WEHP").  Plaintiff alleges that WEHP is
managed by the Big Island Housing Foundation and is federally
subsidized through Section 202 and Section 8.  [6/9/16 Order at
10.]

Plaintiff did not allege that they "intentionally treated Plaintiff differently than residents of AEP or WEHP with regard to security deposits." [Id.]  This Court agrees with Plaintiff that a set of facts exists that, if proven, would establish that: Plaintiff is similarly situated to residents of AEP and/or WEHP; and the differential treatment he receives regarding his security deposit is intentional and discriminatory.  Therefore, the magistrate judge's conclusion that Plaintiff's proposed equal protection claim against the County Defendants is futile was contrary to law.

### D.  <u>Violation of Federal Regulations</u>

In the 6/9/16 Order, the magistrate judge concluded that Plaintiff's proposed claim alleging violations of the United States Department of Housing and Urban Development's ("HUD") regulations was futile because he could not assert a private right of action regarding those violations.  [<u>Id.</u> at 11-12 ("'The Ninth Circuit has not specifically addressed whether there is a private right of action to enforce HUD regulations.  However, several circuits that have addressed this issue have found that there is no private right of action to enforce HUD regulations.'" (quoting <u>Weatherford v. Nevada Rule Housing Auth.</u>, 946 F. Supp. 2d 1101, 1111 (D. Nev. 2013) (citing cases from the Second, Third, and Eighth Circuits))).]  Plaintiff's Supplemental Memorandum raises a plausible argument why this Court should not

12

follow the line of cases cited in the 6/9/16 Order, and this
Court agrees with Plaintiff that there may be a set of facts
which, if proven, would support a conclusion that Plaintiff could
pursue a private action for violations of the HUD regulations at
issue in this case.  This Court therefore concludes that the
magistrate judge's denial of Plaintiff's request for leave to add
a claim alleging violations of HUD regulations regarding security
deposits was contrary to law.

### III. Tenant Grievance Procedures and the Formation of a Tenant Organization

In the Motion for Leave, Plaintiff proposed a claim
which alleged that the lack of tenant grievance procedures for
ASR violates HUD regulations, as well as a claim that the
prohibition against the establishment of an ASR tenant
organization violates HUD regulations.  The magistrate judge
concluded that these claims were futile because there is no
private right of action to enforce HUD regulations.[7]  [Id. at 12-
14.]  For the same reasons set forth regarding Plaintiff's

---

[7] The magistrate judge also construed Plaintiff's proposed
claim regarding the formation of a tenant organization as "an
equal protection claim based on the different treatment of
residents of ASR and WEPH [sic]" and "a claim for violation of
Plaintiff's constitutional right to free assembly and
association."  [6/9/16 Order at 13.]  The magistrate judge also
concluded that these claims were futile and denied Plaintiff's
request for leave to add these claims.  [Id. at 14-15.]
Plaintiff's Appeal, read in conjunction with Plaintiff's
Supplemental Memorandum, does not challenge this portion of the
6/9/16 Order.

proposed claim alleging violations of HUD regulations regarding security deposits, this Court also concludes that the denial of Plaintiff's request for leave to add a claim alleging violations of the HUD regulations regarding tenant grievances and tenant organizations was contrary to law.

## IV.    **Calculation of Contract Rent**

In the 3/16/16 Order, this Court concluded that Plaintiff's challenges to the manner in which the County Defendants and Ainakea determine the ASR contract rent failed because his portion of the monthly rent was not determined based on the contract rent, and Section 8 regulations do not allow tenants in federally subsidized housing to contest the determination of the contract rent or to otherwise enforce the Housing Assistance Payment ("HAP") contract. [3/16/16 Order at 13-15.] In the Motion for Leave, Plaintiff proposed a similar claim alleging that the County Defendants violated the requirements in the HAP contract for the calculation the contract rent, and the magistrate judge concluded that this claim was futile. [6/9/16 Order at 17-18.] The magistrate judge also concluded that Plaintiff's proposed claim that the calculation of the contract rent violated his due process rights was futile because he lacked standing, in light of how his portion of the monthly rent is determined. [Id. at 18-20.]

Plaintiff's Appeal does not challenge the magistrate judge's ruling regarding the HAP contract. Plaintiff's position is that, in light of the 2/17/17 Letter, he has standing to bring a due process challenge regarding the determination of the contract rent. [Pltf.'s Supp. Mem. at 15.] First, this Court notes that Plaintiff alleges both that: the amount of his security deposit should be determined based on his portion of the monthly rent, instead of on the contract rent; and because his security deposit is based on the contract rent, he is entitled to due process in the determination of the contract rent. Inconsistent claims must be stated clearly in the alternative. Am. Auto. Ins. Co. v. Hawaii Nut & Bolt, Inc., Civ. No. 15-00245 ACK-KSC, 2016 WL 8677213, at *16 (D. Hawai`i Dec. 16, 2016).

In light of the additional evidence that was not available at the time of the magistrate judge's orders, the conclusion that Plaintiff lacked standing to bring a due process challenge to the increase in the contract rent – to the extent the contract rent determines Plaintiff's security deposit – is contrary to law.

## V.    Representative Claims

Like the original Complaint, the Motion for Leave also sought to allege the Representative Claims. The magistrate judge denied the Motion for Leave as to the Representative Claims because of Plaintiff's pro se status at the time. [6/9/16 Order

15

at 6 (citing 3/16/16 Order at 9-11).]   In light of the fact that
Plaintiff is currently represented by counsel, Plaintiff can now
pursue the Representative Claims.

VI. **Summary**

This Court denies the Appeal and affirms the magistrate
judge's orders as to Plaintiff's proposed equal protection claim
against Ainakea and HAPI regarding security deposits.   This Court
grants the Appeal and reverses the magistrate judge's orders as
to Plaintiff's proposed: security deposit claims based on alleged
violations of § 521-44(b), Plaintiff's equal protection rights,
and HUD regulations; claims alleging violations of the HUD
regulations regarding tenant grievances and tenant organizations;
due process claim regarding the increase in the contract rent, to
the extent the contract rent determines Plaintiff's security
deposit; and the Representative Claims.   This Court grants
Plaintiff leave to file a second amended complaint alleging these
claims.

This Court affirms the magistrate judge's orders in all
other respects, including the granting of leave to allege the
Lease Termination Claim.   Pursuant to the 6/9/16 Order, Plaintiff
may include the Lease Termination Claim in his second amended
complaint.

## CONCLUSION

On the basis of the foregoing, Plaintiff's appeal of the magistrate judge's June 9, 2016 order and August 1, 2016 order, is HEREBY GRANTED IN PART AND DENIED IN PART. This Court GRANTS Plaintiff leave to file a second amended complaint, consistent with the terms of this Order. Plaintiff must file his second amended complaint by **July 31, 2017.**

Further, in light of the ruling on the Appeal, this Court WITHDRAWS September 30, 2016 order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, JUNE 30, 2017.



    /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**LANRIC HYLAND VS. OFFICE OF HOUSING AND COMMUNITY DEVELOPMENT, ET AL; CIVIL 15-00504 LEK-RLP; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S APPEAL OF THE MAGISTRATE JUDGE'S JUNE 9, 2016 ORDER AND AUGUST 1, 2016 ORDER; AND WITHDRAWING THIS COURT'S MARCH 16, 2017 ORDER**