IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LANRIC HYLAND, | ) | CIVIL 15-00504 LEK-RLP |
| Plaintiff, | ) | |
| vs. | ) | |
| OFFICE OF HOUSING & COMMUNITY DEVELOPMENT, ET AL., | ) | |
| Defendants. | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART: (1) DEFENDANT AINAKEA SENIOR RESIDENCES LLLP'S MOTION TO STRIKE; AND (2) DEFENDANT OFFICE OF HOUSING & COMMUNITY DEVELOPMENT, COUNTY OF HAWAII'S JOINDER**

On July 31, 2017, Plaintiff Lanric Hyland ("Plaintiff") filed his "Second Amended Complaint for Declaratory and Injunctive Relief; Damages and Other Appropriate Relief" ("Second Amended Complaint"). [Dkt. no. 108.] Before the Court are: Defendant Ainakea Senior Residences LLLP's ("Ainakea") motion to strike Hawaii Island Community Development Corporation ("HICDC") and Plaintiff's request for class certification from the Second Amended Complaint ("Motion to Strike"), filed on August 14, 2017; and Defendant Office of Housing & Community Development, County of Hawaii's ("the County" or "OHCD") "Substantive Joinder" to the Motion to Strike ("Joinder"), filed on August 15, 2017. [Dkt. nos. 116, 118.] Plaintiff filed his memorandum in opposition to the Motion to Strike and the Joinder on September 24, 2017. [Dkt. no. 128.] The Court concludes that no reply is necessary.

The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). The hearing on the Motion to Strike and the County's Joinder, currently scheduled for October 16, 2017, is therefore VACATED.[1] Ainakea's Motion and the County's Joinder are hereby granted in part and denied in part for the reasons set forth below.

**DISCUSSION**

I. **Joinder**

The County calls the Joinder a substantive joinder. In addition to agreeing with Ainakea's request for relief, the Joinder states, "insofar as Plaintiff purports to name any County of Hawai`i defendants (other than OHCD), such as Mayor Harry Kim or Director Neil Gyotaku, those parties should also be stricken and/or the claims against them dismissed." [Joinder at 2.]

"'Substantive joinder' means a joinder based on a memorandum supplementing the motion . . . joined in." Local Rule LR7.9. Because the County did not attach a memorandum to the Joinder, the Joinder is not a substantive joinder. It is

---

[1] This Order does not affect the County's motion to dismiss the Second Amended Complaint ("Motion to Dismiss"), filed on August 10, 2017, and the joinders thereto ("Dismissal Joinders"). [Dkt. nos. 110, 112, 114.] The hearing on the Motion to Dismiss and the Dismissal Joinders will proceed as scheduled on **October 16, 2017, at 9:45 a.m.**

2

merely a "joinder of simple agreement," see id., representing the County's agreement that Ainakea is entitled to the relief requested in the Motion to Strike. To the extent the Joinder seeks relief beyond that requested in the Motion to Strike, the Joinder is denied.

## II. Motion to Strike

This Court's June 30, 2017 "Order Granting in Part and Denying in Part Plaintiff's Appeal of the Magistrate Judge's June 9, 2016 Order and August 1, 2016 Order; and Withdrawing this Court's March 16, 2017 Order" ("6/30/17 Order") granted Plaintiff leave to file a second amended complaint consistent with the terms of that order. [Dkt. no. 105.[2]] Ainakea asks this Court to: strike HICDC from the Second Amended Complaint or dismiss all of Plaintiff's claims against HICDC; and strike the Second Amended Complaint's request for class certification. Ainakea argues that the 6/30/17 Order did not grant Plaintiff leave either to add HICDC as a defendant or to request class certification.

### A. HICDC

Plaintiff points out that he does not describe HICDC as a defendant in the Second Amended Complaint, and he does not assert any claim against it. HICDC is listed within a section

---

[2] The 6/30/17 Order is also available at 2017 WL 2829595.

3

titled "The Parties **and Persona**."  [Second Amended Complaint at pgs. 12, 14 (emphasis added).]  The Second Amended Complaint states that Plaintiff "intends to file a Motion for Joinder of HICDC."[3]  [Id. at 14 n.2.]  However, Plaintiff's counsel "inadvertently erroneously listed HICDC as one of the Defendants in the title caption of the case."  [Mem. in Opp. at 5.]  Plaintiff therefore does not oppose striking HICDC from the case caption.  [Id.]

In light of Plaintiff's representations, the Motion to Strike is granted insofar as this Court directs the Clerk's Office to strike HICDC from the case caption.  This ruling has no effect on the pending Motion to Join HICDC.

**B.  Request for Class Certification**

Plaintiff describes the case as a class action and prays for class certification.  [Second Amended Complaint at pgs. 1, 127.]  Although the 6/30/17 Order did not expressly grant Plaintiff leave to file a "class action," it stated that Plaintiff could pursue the "Representative Claims" because he was previously denied leave to include those claims because of his pro se status, and he is now represented by counsel.[4]  2017 WL

---

[3] Plaintiff filed his Motion to Join Hawaii Island Community Development Corporation as a Defendant ("Motion to Join HICDC") on September 24, 2017.  [Dkt. no. 129.]  The motion is pending before the magistrate judge.

[4] The 6/30/17 Order defined "the Representative Claims" as
(continued...)

2829595, at *6. Plaintiff's inclusion of the class allegations and the prayer for class certification in the Second Amended Complaint did not violate the 6/30/17 Order. The Motion to Strike is denied as to Ainakea's request to strike the prayer for class certification. Of course, Plaintiff must still file a motion seeking class certification.

## **CONCLUSION**

On the basis of the foregoing, Defendant Ainakea Senior Residences LLLP's motion to strike, filed August 14, 2017, is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion to Strike is GRANTED insofar as this Court DIRECTS the Clerk's Office to STRIKE Hawaii Island Community Development Corporation from the case caption, and the Motion to Strike is DENIED in all other respects.

Defendant Office of Housing & Community Development, County of Hawaii's joinder, filed August 15, 2017, is construed as a joinder of simple agreement, and therefore is also GRANTED IN PART AND DENIED IN PART.

IT IS SO ORDERED.

---

[4](...continued)
"the claims that [Plaintiff] attempted to bring on behalf of other current and former [Ainakea Senior Residences ("ASR")] residents." 2017 WL 2829595, at *2.

DATED AT HONOLULU, HAWAII, September 29, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**LANRIC HYLAND VS. OFFICE OF HOUSING & COMMUNITY DEVELOPMENT, ET AL; CIVIL 15-00504 LEK-RLP; ORDER GRANTING IN PART AND DENYING IN PART: (1) DEFENDANT AINAKEA SENIOR RESIDENCES LLLP'S MOTION TO STRIKE; AND (2) DEFENDANT OFFICE OF HOUSING & COMMUNITY DEVELOPMENT, COUNTY OF HAWAII'S JOINDER**