```
            IN THE UNITED STATES DISTRICT COURT

               FOR THE DISTRICT OF HAWAII

LANRIC HYLAND, ET AL.,          )   CIVIL 15-00504 LEK-RLP
                                )
          Plaintiffs,           )
                                )
     vs.                        )
                                )
OFFICE OF HOUSING & COMMUNITY   )
DEVELOPMENT, ET AL.,            )
                                )
          Defendants.           )
_____ )
```

**ORDER GRANTING IN PART AND DENYING IN PART
<u>MOTIONS TO DISMISS AND JOINDERS</u>**

On May 11, 2018, Defendant Office of Housing & Community Development, County of Hawai`i ("OHCD") filed its Motion to Dismiss [Doc 170] Plaintiffs' *Third Amended Complaint* ("OHCD Motion"). [Dkt. no. 173.] On May 15, 2018, Defendants Ainakea Senior Residences LLLP ("Ainakea") and Hawaii Island Community Development Corporation ("HICDC," collectively "Ainakea Defendants") filed their Motion to Dismiss (1) 42 U.S.C. § 1437f Claims Alleged by All Plaintiffs in Second Claim for Relief in the Third Amended Complaint for Declaratory and Injunctive Relief, Filed May 1, 2018 and (2) 42 U.S.C. § 1983 Claims Alleged by Plaintiff Eliza Roze ("Ainakea Motion"). [Dkt. no. 181.] Also before the Court are the following joinders of simple agreement: the Ainakea Defendants' joinder in the OHCD Motion, filed May 11, 2018; Defendant Hawaii Affordable Properties, Inc.'s ("HAPI") joinder in the OHCD Motion, also filed on May 11;

and HAPI's joinder in the Ainakea Motion, filed on May 16, 2018 (collectively "Joinders"). [Dkt. nos. 176, 178, 183.]

Plaintiffs Lanric Hyland, Karen Martinez, and Eliza Roze ("Plaintiffs") filed their memorandum in opposition to the OHCD Motion ("OHCD Opposition") on July 20, 2018, and their memorandum in opposition to the Ainakea Motion ("Ainakea Opposition") on July 22, 2018. [Dkt. nos. 205, 206.] OHCD filed its reply ("OHCD Reply") on July 26, 2018, and the Ainakea Defendants filed their reply on July 27, 2018 ("Ainakea Reply"). [Dkt. nos. 210, 215.] On August 3, 2018, this Court issued an entering order granting Plaintiffs leave to file a surreply regarding the OHCD Motion, and Plaintiffs did so on August 5, 2018 ("OHCD Surreply"). [Dkt. no. 222, 226.] These matters came on for hearing on August 13, 2018. The OHCD Motion, the Ainakea Motion, and the Joinders are hereby granted in part and denied in part for the reasons set forth below. Specifically, Plaintiffs' equal protection claims against OHCD and Roze's 42 U.S.C. § 1983 claims against the Ainakea Defendants are dismissed with prejudice. The OHCD Motion, the Ainakea Motion, and the Joinders are denied in all other respects.

**BACKGROUND**

The relevant procedural history and the core factual allegations in this case are set forth in this Court's: Order Granting in Part and Denying in Part Plaintiff's Appeal of the

2

Magistrate Judge's June 9, 2016 Order and August 1, 2016 Order; and Withdrawing this Court's March 16, 2017 Order ("6/30/17 Order"); and March 28, 2018 Order Granting in Part and Denying in Part Defendant Office of Housing & Community Development, County of Hawaii's Motion to Dismiss; and Granting in Part and Denying in Part Defendant Hawaii Affordable Properties, Inc.'s and Defendant Ainakea Senior Residences LLLP's Joinders ("3/28/28 Order"). [Dkt. nos. 105, 153.[1]]

Hyland's Second Amended Complaint for Declaratory and Injunctive Relief ("Second Amended Complaint"), [filed 7/31/17 (dkt. no. 108),[2]] alleged two claims for relief: one alleging overcharging in tenant security deposits ("Count I"); and one alleging the denial of due process in terminations of tenancy, threatened terminations of tenancy, and allegations of Ainakea Senior Residences ("ASR") rule infractions ("Count II"). Each count alleged multiple theories of liability.

In the 3/28/18 Order, this Court:

-denied the motion to dismiss as to 1) Count I, 2) the portions of Count II alleging due process claims against OHCD based on threatened termination of tenancy, 3) the portions of Count II alleging OHCD's threats to terminate tenancy violated the National Housing Act of 1937 ("NHA") and the applicable Housing and Urban Development's ("HUD") regulations, and 4) the portions of Count II alleging the citations for ASR rule violations that OHCD issued violated

---

[1] The 6/30/17 Order is also available at 2017 WL 2829595.

[2] Only OHCD, Ainakea, and HAPI were named in the Second Amended Complaint.

the NHA and applicable HUD regulations when they are used as grounds for a threat to terminate tenancy (either eviction or refusal to renew the tenant's lease); [3/28/18 Order at 34-35;]

-dismissed, for lack of standing, all of Hyland's claims in Count II based on termination of tenancy; [id. at 35;] and

-dismissed Hyland's claims against OHCD in Count II alleging ASR residents are entitled to due process for all citations for ASR rule violations, [id.].

The dismissals were without prejudice, and Hyland was allowed to file a third amended complaint to cure the defects in the dismissed claims and to include the parties that the magistrate judge had previously granted Hyland leave to add. [Id. at 35-36.[3]]

After the 3/28/18 Order was issued, Hyland filed a motion seeking leave to add Roze as a plaintiff, and the magistrate judge granted that motion on April 25, 2018. [Dkt. nos. 162, 169.]

On May 1, 2018, Plaintiffs filed their Third Amended Complaint for Declaratory and Injunctive Relief ("Third Amended Complaint"). [Dkt. no. 170.] Plaintiffs allege the same two claims for relief: one alleging overcharging in tenant security deposits ("Amended Count I"); and one alleging the denial of due process in terminations of tenancy, threatened terminations of

---

[3] On March 1, 2018, the magistrate judge issued an order granting Hyland leave to add HICDC as a defendant and Martinez as a plaintiff. [Dkt. no. 150.]

4

tenancy, and allegations of ASR rule infractions ("Amended Count II"). Each count alleges multiple theories of liability.

Amended Count I alleges the practice of overcharging for ASR tenants' security deposits: violates the Hawai`i Residential Landlord-Tenant Code ("Landlord-Tenant Code"); [Third Amended Complaint at ¶¶ 299-320;] violates the NHA and the applicable HUD regulations; [id. at ¶¶ 321-51;] constitutes a denial of Plaintiffs' right to equal protection under the United States Constitution; [id. at ¶¶ 351-75;] and constitutes a denial of Plaintiffs' right to equal protection under the Hawai`i State Constitution, [id. at ¶¶ 376-79].[4]

Amended Count II alleges that the wrongful terminations of tenancy, the wrongful threats to terminate tenancy, and the citations for rule infractions without meaningful due process: violate the NHA and the applicable HUD regulations; [id. at ¶¶ 380-98;] constitute a denial of Plaintiffs' right to due process under the United States Constitution; [id. at ¶¶ 399-435;] and constitutes a denial of Plaintiffs' right to due process under the Hawai`i State Constitution, [id. at ¶¶ 436-42].

The OHCD Motion asks this Court to dismiss Amended Count I. [OHCD Motion at 2.] OHCD does not seek the dismissal of Amended Count II, although OHCD generally denies the

---

[4] The portions of Amended Count I alleging equal protection violations are alleged only against OHCD.

5

allegations of the Third Amended Complaint in support of Amended Count II. [Mem. in Supp. of OHCD Motion at 1 n.1.] The Ainakea Motion seek dismissal, with prejudice, of the following: 1) all claims against the Ainakea Defendants in Amended Count II that are based on § 1437f because there is no private right of action to assert the type of claims Plaintiffs bring in this case; and 2) all of Roze's § 1983 claims against the Ainakea Defendants in Amended Count II because they are time-barred. [Ainakea Motion at 2-3.]

**DISCUSSION**

**I.  The Joinders**

At the outset, this Court must address the effect of the Joinders. The Local Rules distinguish between substantive joinders and joinders of simple agreement. A substantive joinder to a motion "must be filed and served within seven (7) days of the filing of the motion . . . joined in" and must "be based on a memorandum supplementing the motion,"[5] whereas "[a] joinder of simple agreement may be filed at any time," and need not be accompanied by a memorandum. Local Rule LR7.9. A party filing a substantive joinder may "seek[] the same relief sought by the movant for himself, herself, or itself," whereas a joinder of

---

[5] This Court can grant leave, upon a showing of good cause, to file a substantive joinder after the seven-day period. Local Rule LR7.9. However, that provision is not at issue at this time.

simple agreement "simply seek[s] relief for the original movant." Id.

In the instant case, the Joinders were all filed within seven days after the motion referred to in each of the Joinders. However, none of the Joinders included a memorandum supplementing the motion referred to in that joinder. This Court therefore construes each of the Joinders as a joinder of simple agreement that merely supports the relief that OHCD seeks in the OHCD Motion or that the Ainakea Defendants seek in the Ainakea Motion. In other words, in considering the motions currently before it, this Court will not rule upon the following claims: Plaintiffs' claims against the Ainakea Defendants in Count I; Plaintiffs' claims against OHCD in Count II; and all of Plaintiffs' claims against HAPI. Unless summary judgment is granted as to those claims, they will proceed to trial.

## II. Materials Beyond the Pleadings

The OHCD Motion includes the Housing Assistance Payment Contract between the Hawai`i County Housing Agency and Ainakea, effective March 1, 2010 ("HAP Contract").[6] [OHCD Motion, Decl. of D. Kaena Horowitz, Exh. A.] The Ainakea Motion includes the

---

[6] The OHCD Opposition includes a Table titled "Amount of Security Deposit to Collect from Tenant" from the HUD Handbook 4530.3 (Rev-1), chapter 6, section 2. [OHCD Opp., Exh. 1.] However, Plaintiffs' Exhibit 1 is merely a copy of legal authority relied upon in the OHCD Opposition and it is not subject to the analysis discussed in this section.

docket sheet for <u>Hawaii Affordable Properties, Inc. v. Dennis McKenna & Eliza Roze</u>, Civil No. 12-1-0079H, an eviction action filed in the State of Hawai`i, Third Circuit Court ("McKenna Action"). [Ainakea Motion, Decl. of Jordon J. Kimura, Exh. 1.]

As a general rule, this Court's scope of review in considering a motion to dismiss is limited to the allegations in the complaint. See <u>Daniels-Hall v. Nat'l Educ. Ass'n</u>, 629 F.3d 992, 998 (9th Cir. 2010). "[A] court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the [Fed. R. Civ. P.] 12(b)(6) motion." <u>Id.</u> (citations and internal quotation marks omitted). Ordinarily, consideration of other materials requires the district court to convert a motion to dismiss into a motion for summary judgment. <u>Yamalov v. Bank of Am. Corp.</u>, CV. No. 10-00590 DAE-BMK, 2011 WL 1875901, at *7 n.7 (D. Hawai`i May 16, 2011) (citing <u>Parrino v. FHP, Inc.</u>, 146 F.3d 699, 706 n.4 (9th Cir. 1998)).[7]

The Third Amended Complaint refers to and relies upon the HAP Contract. <u>See, e.g.</u>, Third Amended Complaint at ¶¶ 62-63, 337. It also refers to and relies upon the McKenna Action. <u>See, e.g.</u>, <u>id.</u> at ¶¶ 19, 136, 154. The HAP Contract and the

---

[7] <u>Parrino</u> was superseded by statute on other grounds, as stated in <u>Abrego Abrego v. The Dow Chemical Co.</u>, 443 F.3d 676, 681-82 (9th Cir. 2006) (per curiam).

8

McKenna Action are central to Plaintiffs' claims, and no party disputes the authenticity of these exhibits. Thus, these exhibits meet the requirements described in Daniels-Hall. Further, this Court "may take judicial notice of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006). At this stage of the case, it is not necessary consider the contents of the filings in the McKenna Action, merely the fact that the action and certain documents were filed therein. See, e.g., Hirota v. Gen. Nutrition Corp., CIVIL 15-00191 LEK-KSC, 2015 WL 6673688, at *2–3 (D. Hawai`i Oct. 29, 2015) (noting that this Court could take judicial notice of the docket in the plaintiffs' bankruptcy proceedings and the filing of specific documents, but converting the motion to dismiss into a motion for summary judgment because "it [was] necessary to consider the contents of the [plaintiffs'] filings in the Bankruptcy Court, not only the Bankruptcy Court's rulings or the fact that the [plaintiffs] filed certain documents"). This Court can therefore take judicial notice of the docket in the McKenna Action, as reflected in the Ainakea Defendants' Exhibit 1.

In ruling on the instant motions, this Court will consider OHCD's Exhibit A and the Ainakea Defendants' Exhibit 1, as well as the factual allegations and the exhibits in Plaintiffs' Third Amended Complaint. The consideration of these

9

materials does not require converting the OHCD Motion and the Ainakea Motion into motions for summary judgment.

## III. **Amended Count I**

The equal protection portion of Amended Count I asserts that: ASR and Ainakea Elderly Residences ("AER") are both projects governed by § 8 of the NHA ("Section 8"); AER is next door to ASR; OHCD, which is the public housing authority ("PHA") for the County of Hawai`i, oversees both AER and ASR; the security deposits at AER are based on tenant rent (which in turn is based on a tenant's income, without regard to the contract rent), whereas the security deposits at ASR are based on total rent (tenant rent plus contract rent). [Third Amended Complaint at ¶¶ 360-62.] Plaintiffs argue there is no rational relationship justifying the differential treatment between ASR residents and AER residents, and therefore the different security deposit practices violate Plaintiffs' federal and state equal protection rights. [Id. at ¶¶ 374-75, 379.] Plaintiffs acknowledge that, as compared to AER residents, ASR residents are not a suspect class or quasi-suspect class, and therefore the differential treatment need only survive the rational basis test. [Id. at ¶¶ 356-58.]

> This district court has explained the two ways for a plaintiff to establish an equal protection claim. "First, a plaintiff may show that the defendant intentionally discriminated against the plaintiff on the basis of the plaintiff's membership in a protected class, such

as race." Kamakeeaina v. City & Cty. of Honolulu, Civ. No. 11-00770 SOM-RLP, 2012 WL 3113174, at *8 (D. Hawai`i July 31, 2012) (some citations omitted) (citing Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005)). "Second, a plaintiff may establish an equal protection violation by showing that he was treated differently from similarly situated individuals, and that the different treatment was not rationally related to a legitimate state purpose." Id. (some citations omitted) (citing Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)). More generally, "[t]o state an equal protection claim, [a p]laintiff must allege that: '(1) he is a member of an identifiable class; (2) he was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment.'" Id. (citing Olech, 528 U.S. at 564).

De La Fuente v. Nago, CIVIL 16-00398 LEK-KJM, 2017 WL 1159094, at *7 (D. Hawai`i Mar. 28, 2017) (alterations in De La Fuente). In Olech, the United States Supreme Court stated,

> we have explained that "'[t]he purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents.'" Sioux City Bridge Co. [v. Dakota Cty., 260 U.S., 441,] 445 [(1923)] (quoting Sunday Lake Iron Co. v. Township of Wakefield, 247 U.S. 350, 352 (1918)).

528 U.S. at 564 (some alterations in Olech).

As Plaintiffs acknowledge, AER was funded through § 202 of the Housing Act of 1959 ("Section 202"), whereas ASR is a project-based voucher ("PBV") program. [Third Amended Complaint at ¶¶ 83, 236.] Further, the owner and the management company of

11

AER are different from the owner and the management company of ASR. [Id. at ¶ 360.] As a Section 202 project, AER is governed by 24 C.F.R. Part 891 and, as a PBV project, ASR is governed by 24 C.F.R. Part 983. Each part has its own security deposit regulation.[8] More importantly, Section 202 projects provide a type of housing that is distinct from that provided in PBV projects. Section 202 projects must provide a wide range of services to their residents that PBV projects are not required to provide. Part 891 requires that, "[i]n carrying out the provisions of this part, HUD shall ensure that housing assisted under this part provides services as described in section 202 (12 U.S.C. 1701q(g)(1))." 24 C.F.R. § 891.225(a). 12 U.S.C. § 1701q(g)(1) states, in pertinent part:

> In carrying out the provisions of this section, the Secretary shall ensure that housing assisted under this section provides a range of services tailored to the needs of the category or categories of elderly persons (including frail elderly persons) occupying such housing. Such services may include (A) meal service adequate to meet nutritional need; (B) housekeeping aid; (C) personal assistance; (D) transportation services; (E) health-related services; (F) providing education and outreach regarding telemarketing fraud, in accordance with the standards issued under section 671(f) of the

---

[8] Under Part 983, "[t]he PHA may prohibit security deposits in excess of private market practice, or in excess of amounts charged by the owner to unassisted tenants." 24 C.F.R. § 983.259(b). In contrast, under Part 891, the amount of the security deposit is limited to "an amount equal to one month's tenant payment or $50, whichever is greater." 24 C.F.R. § 891.435(a).

>     Housing and Community Development Act of 1992 (42
>     U.S.C. 13631(f)); and (G) such other services as
>     the Secretary deems essential for maintaining
>     independent living. . . .

There is no comparable provision in Part 983 requiring similar services in PBV projects.

Based on the different funding sources, the different owners and property managers, and the distinct types of housing programs provided at ASR and AER, this Court concludes that, as a matter of law, the differential treatment of the two projects under federal regulations does not constitute "intentional and arbitrary discrimination." Thus, the practice of charging different security deposits at the two projects survives the rational basis test. Plaintiffs' claim against OHCD in Amended Count I based on a federal equal protection theory fails to state a claim that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007))).

Insofar as Plaintiffs' federal equal protection claim against OHCD fails to state a plausible claim for relief because the different security deposit schemes pass the rational basis test, Plaintiffs' state equal protection against OHCD claim also fails to state a plausible claim for relief. See, e.g., Silva v.

City & Cty. of Honolulu, 115 Hawai`i 1, 11 & n.11, 165 P.3d 247, 257 & n.11 (2007) (applying rational basis test to distinction that implicates "neither fundamental rights nor suspect classifications").

The portions of Plaintiffs' Amended Count I alleging federal and state equal protection claims against OHCD are therefore dismissed. The dismissal is with prejudice because it is clear that Plaintiffs cannot cure the defects in these claims by amendment. See Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty., 708 F.3d 1109, 1118 (9th Cir. 2013) ("As a general rule, dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." (brackets, citation, and internal quotation marks omitted)). The OHCD Motion is granted insofar as the portions of Plaintiffs' Amended Count I alleging federal and state equal protection claims against OHCD are dismissed with prejudice.

Plaintiffs' remaining claims against OHCD in Amended Count I, however, state plausible claims for relief. The Court notes that this ruling also applies to the portion of Amended Count I alleging ASR's security deposit scheme violates the applicable HUD regulations. Although Plaintiffs have abandoned their prior position that 24 C.F.R. § 880.606(a) applies to the ASR security deposits, [OHCD Surreply at 2,] and it is undisputed that Part 983 permits a PBV project to charge a security deposit

14

of up to one month's total rent, see § 983.259(b), the portion of Amended Count I alleging violations of the applicable HUD regulations states a plausible claim for relief. Several issues remain, including the relationship between Part 983 and other legal authority and the issue of whether the practice of charging a new security deposit each year violates Part 983. Whether Plaintiffs can prevail on the merits of these claims is an issue that must be decided at a later stage of this case. This Court expresses no opinion as to whether Plaintiffs are likely to prevail on the merits of these claims.

The OHCD Motion is denied as to all of Plaintiffs' claims against OHCD in Amended Count I, other than the equal protection claims. As previously noted, Plaintiffs' claims in Amended Count I against the other defendants are not before the Court at this time.

## IV. Amended Count II

As to the Ainakea Defendants' argument that Roze's § 1983 claims are time-barred,

> federal courts apply the forum state's statute of limitations and its tolling provisions for personal injury tort actions to claims under § 1983. See Wilson v. Garcia, 471 U.S. 261, 276 (1985), *superseded by statute on other grounds as stated in* Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 377-78 (2004); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). Thus, Hawaii's two-year statute of limitations applies to § 1983 claims. See Beckstrand v. Read, 680 Fed. Appx. 609, 610 (9th Cir. Mar. 13, 2017) (citing HRS § 657-7 ("Actions for the recovery of compensation for

> damage or injury to persons . . . shall be
> instituted within two years after the cause of
> action accrued[.]")).  As a result, Plaintiff's
> claims are subject to the two-year statute of
> limitations set forth in HRS § 657-7.

Namauu v. Dep't of Pub. Safety, CIV. NO. 18-00062 JMS-RLP, 2018 WL 1733978, at *3 (D. Hawai`i Apr. 10, 2018) (alterations in Namauu).  The Ainakea Defendants argue the statute of limitations on Roze's § 1983 claims against them began to run, at the latest, either upon her alleged eviction in February 2012 or the conclusion of the McKenna Action in July 2012.  This Court need not determine on which specific date the statute of limitations on Roze's § 1983 claims against the Ainakea Defendants began to run.  Based on either date, Roze's § 1983 claims against the Ainakea Defendants are time-barred, even if the Third Amended Complaint is deemed to relate back to the filing of the original complaint on August 11, 2015.  Further, there is nothing in the factual allegations of the Third Amended Complaint which suggests that tolling may apply to Roze's § 1983 claims against the Ainakea Defendants.  This Court therefore concludes that Roze's § 1983 claims against the Ainakea Defendants are not plausible because they are time-barred.  Further, it is clear that Roze cannot cure the defect in those claims by amendment.  The Ainakea Motion is granted insofar as Roze's § 1983 claims against the Ainakea Defendants are dismissed with prejudice.

The remainder of the issues presented in the Ainakea Motion are issues that are not appropriate for determination on a motion to dismiss. With the exception of Roze's § 1983 claims against them, Plaintiffs' claims against the Ainakea Defendants in Amended Count II state plausible claims for relief, and the Ainakea Motion is denied as to those claims. However, the denial of the Ainakea Motion as to those claims in no way suggests that Plaintiffs are likely to prevail on those claims on summary judgment or at trial. As previously noted, Plaintiffs' claims in Amended Count II against the other defendants are not before the Court at this time.

## CONCLUSION

On the basis of the foregoing, OHCD's Motion to Dismiss [Doc 170] Plaintiffs' *Third Amended Complaint*, filed May 11, 2018, and the Ainakea Defendants' Motion to Dismiss (1) 42 U.S.C. § 1437f Claims Alleged by All Plaintiffs in Second Claim for Relief in the Third Amended Complaint for Declaratory and Injunctive Relief, Filed May 1, 2018 and (2) 42 U.S.C. § 1983 Claims Alleged by Plaintiff Eliza Roze, filed May 15, 2018, are HEREBY GRANTED IN PART AND DENIED IN PART.

The OHCD Motion is GRANTED insofar as Plaintiffs' equal protection claims against OHCD in Count I of the Third Amended Complaint for Declaratory and Injunctive Relief, [filed 5/1/18 (dkt. no. 170),] are DISMISSED WITH PREJUDICE. The OHCD Motion

is DENIED in all other respects.  The Ainakea Defendants' joinder in the OHCD Motion, filed May 11, 2018, and HAPI's joinder in the OHCD Motion, also filed May 11, 2018, are also GRANTED IN PART AND DENIED IN PART because the joinders merely support the relief sought by OHCD in the OHCD Motion.

The Ainakea Motion is GRANTED insofar as all of Roze's § 1983 claims against the Ainakea Defendants in Count II of the Third Amended Complaint are DISMISSED WITH PREJUDICE.  The Ainakea Motion is DENIED in all other respects.  HAPI's joinder in the Ainakea Motion, filed May 16, 2018, is also GRANTED IN PART AND DENIED IN PART because it merely supports the relief sought by the Ainakea Defendants in the Ainakea Motion.

All of the defendants are ORDERED to file their respective answers to the Third Amended Complaint by **September 21, 2018.**  This Court EMPHASIZES that, if any motion for reconsideration of the instant Order is filed, it will not affect either the deadline for the filing of the defendants' answers, the hearing on the parties' motions for summary judgment, or the briefing deadlines for the motions for summary judgment.[9]

---

[9] The hearing date for the motions for summary judgment and the filing deadlines are set forth in the entering order filed on August 25, 2018.  [Dkt. no. 237.]

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 29, 2018.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**LANRIC HYLAND VS. OFFICE OF HOUSING AND COMMUNITY DEVELOPMENT, ET AL; CV 15-00504 LEK-RLP; ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS AND JOINDERS**