IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LANRIC HYLAND, ET AL., | ) | CIVIL 15-00504 LEK-RLP |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| OFFICE OF HOUSING & COMMUNITY | ) | |
| DEVELOPMENT, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER *SUA SPONTE* RECONSIDERING THE PORTION OF THE MARCH 16, 2016 ORDER DISMISSING WITH PREJUDICE THE SECURITY DEPOSIT CLAIMS AGAINST DEFENDANT HAWAII AFFORDABLE PROPERTIES, INC.**

On August 11, 2015, Plaintiff Lanric Hyland ("Plaintiff" or "Hyland"), who was proceeding pro se at the time, filed his "Verified Complaint of Lanric Hyland; Complaint for Complaint for [sic] Declaratory & Injunctive Relief; Appeal from Declaratory Petition" ("Complaint"). [Notice of Removal, filed 12/9/15 (dkt. no. 1), Decl. of Melody Parker, Exh. A.] The defendants named in the Complaint were Defendants Office of Housing & Community Development ("OHCD") and the County of Hawai`i (collectively "the County Defendants"); Hawaii Affordable Properties, Inc. ("HAPI"); and Ainakea Senior Residences LLLP ("Ainakea").

**I.    3/16/16 Order**

On March 16, 2016, this Court issued its Order Granting in Part and Denying in Part Defendants Office of Housing &

Community Development, County of Hawaii's Motion to Dismiss; and
Granting in Part and Denying in Part Defendant Hawaii Affordable
Properties, Inc.'s Substantive Joinder ("3/16/16 Order"). [Dkt.
no. 47.[1]]

Count I of the Complaint alleged, *inter alia*, that the
increase in Hyland's security deposit for Ainakea Senior
Residences ("ASR") violated his right to due process under the
United States Constitution and the Hawai`i State Constitution.
See 3/16/16 Order, 2016 WL 1047344, at *2.

> The Complaint alleges that, pursuant to the
> [Housing Assistance Payment ("HAP")] contract
> between the County Defendants and Ainakea, "the
> difference between the HAP and the contract rent
> is the rent paid by the resident tenant. The
> tenant portion varies with each individual but it
> works out that tenants generally pay about 30% of
> their own monthly income as their rent."
> [Complaint at 12, § V.F.1.] Plaintiff also
> describes the process through which the contract
> rent is determined by the County Defendants and
> Ainakea, using the [United States Department of
> Housing and Urban Development determination of
> fair market rent]. [Id. at 14, § V.H.] Thus,
> based on the allegations in the Complaint, HAPI is
> not involved in the determination of either the
> contract rent or the portion of the rent that
> Plaintiff must pay. . . .

Id. at *3. Further, when the total rent – referred to as the
contract rent in the 3/16/16 Order – was increased from $800 for
the 2014-2015 lease year to $981 per month for the 2015-2016
lease year, the amount of the security deposit was increased from

---

[1] The 3/16/16 Order is also available at 2016 WL 1047344.

$800 to $981.  However, tenants who were living at ASR as of October 2014 were not subject to the increased security deposit. Id. at *4 (citing Complaint at 12, § V.G).  This Court therefore dismissed Hyland's claims related to the increase in the amount of security deposit as to all of the defendants because he did not allege that he was required to pay the increased security deposit for the 2015-2016 lease year.  Id.

This Court further ruled the dismissal of Hyland's security deposit claims against HAPI was with prejudice because it was absolutely clear, based on the factual allegations in the Complaint, that no amendment could cure the defect in those claims since HAPI was not involved in the determination of the amount of the total rent and the security deposit.  Id. at *7

## II.  **Current Security Deposit Claims**

The operative pleading is now Plaintiffs Lanric Hyland, Karen Martinez, and Eliza Roze's ("Plaintiffs") Third Amended Complaint for Declaratory and Injunctive Relief ("Third Amended Complaint"), filed on May 1, 2018.  [Dkt. no. 170.]  The defendants named in the Third Amended Complaint are: OHCD; HAPI; Ainakea and Defendant Hawaii Island Community Development Corporation (collectively "Ainakea Defendants").  Count I of the Third Amended Complaint alleges that Plaintiffs are or were overcharged for their ASR security deposits.  Count I alleges that the overcharging violates various legal authorities.

Plaintiffs have pled Count I against all of the defendants, in spite of the 3/16/16 Order's dismissal of the security deposit claims against HAPI with prejudice. HAPI, however, did not file a motion to dismiss Plaintiffs' claims in Count I against it as violating the 3/16/16 Order.

**III. *Sua Sponte* Reconsideration**

This Court has the discretion to *sua sponte* reconsider one of its prior interlocutory rulings, as long as this Court still has jurisdiction over the subject matter of the ruling. Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., CIVIL NO. 12-00064 LEK-KSC, 2016 WL 6996982, at *6 (D. Hawai`i Nov. 23, 2016) (citing United States v. Smith, 389 F.3d 944, 949 (9th Cir. 2004)). In Smith, the Ninth Circuit explained that the law of the case doctrine does not preclude such reconsideration.

> The law of the case doctrine is "wholly inapposite" to circumstances where a district court seeks to reconsider an order over which it has not been divested of jurisdiction. See [City of Los Angeles v.] Santa Monica Baykeeper, 254 F.3d [882,] 888 [(9th Cir. 2001)]. In Santa Monica Baykeeper, the district court *sua sponte* reconsidered its own order certifying for interlocutory appeal the denial of a motion to dismiss. Id. at 884. We were asked to assess whether the court's reconsideration of its order violated the law of the case doctrine. Id. Our analysis emphasized the importance in law of the case doctrine jurisprudence of distinguishing between a district court's consideration of its own prior decision and the directive of a higher court:
>
>> The legal effect of the doctrine of the law of the case depends upon whether the earlier

>     ruling was made by a trial court or an
>     appellate court.  **All rulings of a trial
>     court are subject to revision at any time
>     before the entry of judgment.**  A trial court
>     may not, however, reconsider a question
>     decided by an appellate court.
>
> Id. at 888-89 (quoting, with emphasis added,
> [United States v.] Houser, 804 F.2d [565,] 567
> [(9th Cir. 1986)]).  Accordingly, we determined
> that "[t]he doctrine simply does not impinge upon
> a district court's power to reconsider its own
> interlocutory order provided that the district
> court has not been divested of jurisdiction over
> the order."  Id. at 888 (citing Houser, 804 F.2d
> at 567).  Because the Baykeeper district court had
> rescinded its own prior order, over which it
> retained jurisdiction, we resolved that the court
> did not violate the law of the case doctrine.  Id.
> at 889.

Smith, 389 F.3d at 949 (emphasis and some alterations in Smith). The 3/16/16 Order was an interlocutory order, and this Court still has jurisdiction over all of the claims and the parties in this case.  For the reasons that follow, this Court concludes that it is necessary to *sua sponte* reconsider the dismissal with prejudice of the security deposit claims against HAPI.

The parties' motions for summary judgment are currently pending before the Court.  [Dkt. nos. 220, 222, 223, 225, 243.] In support of its motion for summary judgment, OHCD submitted evidence that: 1) Ainakea entered into a contract with HAPI to oversee ASR's day-to-day operations; and 2) HAPI's duties include determining the amount of the security deposits and collecting the security deposits.  [OHCD's Motion for Summary Judgment, filed 8/2/18 (dkt. no. 220), Decl. of D. Kaena Horowitz, Exh. B

5

(Decl. of Keith Kato ("Kato OHCD Decl.")) at ¶ 8.] In support of its motion for summary judgment, the Ainakea Defendants submitted similar evidence. [Ainakea Defs.' Separate and Concise Statement of Facts in Supp. of Its Motion for Summary Judgment, filed 8/3/18 (dkt. no. 224), Decl. of Keith Kato ("Kato Decl.") at ¶ 9.] However, in support of its motion for summary judgment, HAPI submitted testimony that it **only collects** the security deposits on behalf of Ainakea, but **does not set the amount** of the security deposit. [HAPI's Motion for Summary Judgment, filed 8/3/18 (dkt. no. 221), Decl. of Charlene Sohriakoff at ¶¶ 11, 13.]

Thus, there is competing evidence regarding the issue of which entity determines the amount of the ASR security deposit. This competing evidence was not available to this Court when it issued the 3/16/16 Order because, in ruling on the motion to dismiss the original Complaint, this Court was limited to considering the allegations in the Complaint. See Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). Further, although OHCD, Ainakea, and HAPI were parties in this case at that time, they did not inform this Court that there may be a factual dispute concerning which entity is responsible for determining the amount of the security deposit. Under the circumstances of this case, it is appropriate for this Court to *sua sponte* reconsider the portion of the 3/16/16 Order dismissing

6

the security deposit claims against HAPI with prejudice.  See Local Rule LR60.1 (stating that "[m]otions for reconsideration of interlocutory orders may be brought only upon the following grounds: (a) Discovery of new material facts not previously available; (b) Intervening change in law; [or] (c) Manifest error of law or fact").

If the evidence in the current record regarding the determination of the amount of the security deposit were available to this Court at the time of the 3/16/16 Order, this Court would not have dismissed the security deposit claims against HAPI with prejudice.  The evidence is therefore considered newly available and constitutes grounds for reconsideration of that ruling.  This Court HEREBY RECONSIDERS the 3/16/16 Order insofar as the portion of the order dismissing the security deposit claims against HAPI with prejudice is VACATED.  All other portions of the 3/16/16 Order remain in effect and are not altered by the instant Order in any way.

Plaintiffs' security deposit claims against HAPI in Count I of the Third Amended Complaint are properly before this Court at this time and will be addressed on the merits in connection with the parties' pending motions for summary judgment.  This Court finds that the issues relevant to the security deposit claims against HAPI were sufficiently briefed in connection with the motions for summary judgment, and no further

7

briefing is necessary.  The parties' motions for summary judgment have been taken under advisement, and no further briefing will be considered unless the filing party obtains leave from this Court **before** filing any additional materials regarding any of the motions for summary judgment.

     IT IS SO ORDERED.

     DATED AT HONOLULU, HAWAII, September 24, 2018.



          /s/ Leslie E. Kobayashi
          Leslie E. Kobayashi
          United States District Judge

**LANRIC HYLAND VS. OFFICE OF HOUSING & COMMUNITY DEVELOPMENT, ET AL; CIVIL 15-00504 LEK-RLP; ORDER SUA SPONTE RECONSIDERING THE PORTION OF THE MARCH 16, 2016 ORDER DISMISSING WITH PREJUDICE THE SECURITY DEPOSIT CLAIMS AGAINST DEFENDANT HAWAII AFFORDABLE PROPERTIES, INC.**